## Case No. 6,482.

### In re HILL.

[2 Ben. 136; [1] 1 N. B. R. 275 (Quarto, 42); 15 Pittsb. Leg. J. 329.]

District Court, S. D. New York. Feb., 1868.

SPECIFICATIONS OF OBJECTION TO DISCHARGE — BURDEN OF PROOF.

1. Where specifications of objection to a bankrupt's discharge state that he has placed his property in the hands of his wife, and withheld his books, papers, and documents, they will be *held* too general, unless they are intended to apply to all his property and all his books, papers, and documents.

[Cited in Re Antisdel, Case No. 490.]

2. A general charge of fraud against the act is too vague.

[Cited in Re Condict, Case No. 3,094; Re Jacobs, Id. 7,160.]

3. After specifications of objection are filed, further proof may be taken, if desired, by a reference to the register.

4. The issues to be tried in such case are the allegations in the specifications; and, where the bankrupt has taken the oath required by section 29 of the act [of 1867 (14 Stat. 531)], the burden of proof is on the creditor to show that the bankrupt has forfeited his title to a discharge.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

In this case [in the matter of William D. Hill] a creditor filed specifications of his objections to the bankrupt's discharge, which, among other objections, stated: "That the said bankrupt, with intent to defraud his creditors, has fraudulently placed his property in the hands of his wife, with intent to prevent it from being reached by his creditors, and applied in satisfaction of their debts, and that his said wife so held his property at the time of filing the petition aforesaid. That he was withheld his books, papers, and documents relating to his business. That he has been guilty of fraud, contrary to the true intent and meaning of the bankruptcy act."

[Previously, certain preliminary objections to the first meeting of creditors were passed upon by the court. Case No. 6,481.]

BLATCHFORD, District Judge. In this case I have examined the written specifications filed on behalf of William S. Preston, a creditor, of the grounds of his opposition to the discharge of the bankrupt. All of them are in proper form to be triable, except those hereinafter mentioned. The one in regard to placing the bankrupt's property in the hands of his wife is too vague and general, unless it means that the bankrupt placed all his property in the hands of his wife. Otherwise, the specification should state what property. The specification in regard to the withholding of his books, papers, and documents is too vague and general, unless it is intended to cover all his books, papers, and documents. Otherwise, it should specify which of them. The general charge of fraud against the act is too vague. It should specify the particular fraud. As I understand the specifications, they state that the evidence already taken before the register shows that the bankrupt has placed his property in the hands of his wife, and has withheld his books, papers, and documents, and has been guilty generally of fraud against the act. I shall allow the creditor, if he desires, to amend, within ten days, his specifications, in the particulars so held not to be triable. If either party shall desire to take further testimony as to the matters embraced in the specifications, it must be referred, under section 38 of the act, to the register, to take such testimony and report it to the court; and, when his report comes in, either party can bring the case on for hearing on any Saturday, on four days' notice to the other party and to the clerk. The issues to be tried and decided will be the allegations in the specifications, and, as the bankrupt has taken and subscribed the oath, required by section 29 of the act, the burden will be upon the creditor to show that the bankrupt has forfeited his title to a discharge, by having done some one of the things specified in section 29 as grounds for withholding a discharge.

[Upon the evidence, the discharge of the bankrupt was refused. Case No. 6,483.]