BUTT v. The UNION. See Case No. 10,297.

---

## Case No. 2,247.

### In re BUTTERFIELD.

[5 Biss. 120;[1] 14 N. B. R. 147.]

District Court, N. D. Illinois. March Term, 1870.

OPPOSITION TO DISCHARGE—ALLEGATIONS MUST BE SPECIAL.

1. Allegations in opposition to discharge are not sufficient when they simply follow the words

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

of the statute. They must be as exact as the specifications in an indictment.

[Cited in Re Graves, 24 Fed. 552; Re Carrier, 47 Fed. 440.]

2. No intendment will be made in favor of the pleader. The construction is more strict than in common law proceedings.

In bankruptcy. Opposition to discharge. The specifications of opposition are in the language of the bankrupt act. [14 Stat. 535.]

H. N. Eldridge, for opposing creditors.
James L. Stark, for bankrupt.

BLODGETT, District Judge. The allegation here is that the bankrupt "has given a fraudulent preference, contrary to the provisions of the act." This last allegation is totally inoperative; it lacks a specification in detail, which would be necessary to enable the party to plead it in bar. The courts have decided, again and again, that these specifications must be as exact as the specifications in an indictment, and for the reason that there is no specific act of fraud alleged here, but only the general terms in the language of the statute itself, as that the party has been guilty of conveying property in violation of the act. These specifications are too general. It is not shown what property he conveyed, nor when he conveyed it, nor to whom he conveyed it, nor does it fix upon any specific act which can be identified as the act of the bankrupt upon which a jury might pass.

The first specification is defective as failing to aver that this transfer was made to Mr. Stark with intent to defraud the bankrupt act, or that, being so, any creditor has been given a preference. There is no allegation that he intended to defraud or delay the operation of the bankrupt law. It is argumentative, and very loosely so, at that. "Intending to give a preference" is not explicit. The authorities are very explicit, and it is stated generally in them that the specifications must be as precise as those of an indictment. I was looking over a class of cases cited here in reference to the particularity with which the specifications must be made up, and I find the principle is applied to bankruptcy proceedings with more strictness than even to common law proceedings; that no intendment will be made by the court in favor of the pleader; and as these specifications, taken together as a whole, do not show that Mr. Stark was a creditor, or that there was an intention to give a preference to a creditor, I do not think they are sufficient.

NOTE [from original report]. That the specifications must not be vague and general, but of facts.—distinct, precise, and specific,—see In re Rathbone [Cases Nos. 11,580 and 11,582]; In re Beardsley [Case No. 1,183]: In re Mawson [Id. 9,318]. The strictness of common law pleading is not required. In re Smith [Id. 12,-985].