## Case No. 5,082.

### In re FREEMAN.

[4 Ben. 245; [1] 4 N. B. R. 64 (Quarto, 17).]

District Court, S. D. New York. June, 1870.

Robert Jackson, for bankrupt.

Vernam & Wilcox and J. S. Ridgway, for creditors.

BLATCHFORD, District Judge. As to the first specification, whatever interest the bankrupt may have had in the property referred to, after the conveyance of it to E. Wolcott & Co.. March 21st, 1868, was, at the time the petition in bankruptcy was filed, vested in the receiver appointed by the state court, and not in the bankrupt. There was, therefore, no false swearing, in not inserting

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

such property in the schedule of assets. The fact of the transfer to Wolcott & Co. was set forth in the schedules with sufficient particularity, and there was certainly no wilful false swearing in respect to the property. Nor was there, within the second specification, any concealment of the property referred to.

The fourth specification is, that the bankrupt made a fraudulent conveyance of the said property, to Wolcott & Co., being the said conveyance of March 21st, 1868. The petition in bankruptcy was filed December 31st, 1868. The conveyance referred to in section 29, as a "fraudulent" conveyance, means a conveyance which is declared by the bankruptcy act to be a fraud against such act—a conveyance which the act declares to be void. This requires the conveyance to be one made, as required by section 35, either within four months, or within six months, before the filing of the petition by or against the debtor. As the conveyance in question was not made within six months before the petition in bankruptcy in this case was filed by the debtor, it is not a "fraudulent" conveyance, within the clause of section 29 which speaks of "any fraudulent payment, gift, transfer, conveyance or assignment." The fourth specification is founded on this clause and, therefore, fails.

It is not established, under the sixth specification, that the bankrupt, "in contemplation of bankruptcy," as the specification says, or "in contemplation of becoming bankrupt," as section 29 says, made the conveyance in question, for either of the purposes set forth in the clause of section 29 under which the specification is drawn. The meaning of the expression, "in contemplation of becoming bankrupt," as used in that clause, was defined by this court in the case of In re Goldschmidt [Case No. 5,520]. Within that definition, it is not established, in this case, that the debtor, when he made the conveyance in question, contemplated committing an act of bankruptcy, either by filing a voluntary petition, or by doing some one of the things which is declared by section 39 to be the commission of an act of bankruptcy. The specification is not sustained.

The third specification is, that, since the passage of the act, the bankrupt has destroyed books, documents, papers and writings with intent to defraud his creditors. The seventh specification is, that he removed, or caused to be removed books. stationery and papers from this district, with intent to defraud his creditors. The eighth specification is, that he, or some person in his behalf, has procured the assent of certain creditors to his discharge, and influenced their action, by a pecuniary consideration. These three specifications are too vague to be triable and are overruled.

A discharge will be granted when the register shall have certified conformity.