## Case No. 3,094.

### In re CONDICT.

[19 N. B. R. 142;[1] 2 N. J. Law J. 82.]

District Court, D. New Jersey. Jan. 21, 1879.

DISCHARGE IN BANKRUPTCY—SPECIFICATIONS.

1. A specification which charges the offence in the words of the act is too vague and general. The particulars in which the bankrupt has offended should be so set forth that he may be apprised of the precise matters wherein it is claimed he has transgressed.

[Cited in Re Graves, 24 Fed. 551.]

2. A specification which simply charges the bankrupt with having concealed his estate and effects, and with having concealed, removed, altered, and destroyed the books and writings relating thereto, is insufficient for want of an averment that such acts were done with intent to defraud creditors, and in not more particularly specifying what property was concealed, or what books and writings were destroyed.

On specifications against discharge.

T. N. McCarter, for opposing creditors.
C. E. Hill, for bankrupt.

[1] [Reprinted from 19 N. B. R. 142, by permission.]

NIXON, District Judge. Nine specifications are filed against the bankrupt's discharge. The counsel for the bankrupt in the argument moved to strike out six, to wit: the second, fourth, sixth, seventh, eighth, and ninth, as being vague and insufficient. The second is in these words: "Because the said Frederick K. Condict, with the said other bankrupts, contrary to the provisions of the said bankrupt act [of 1867 (14 Stat. 517)], and its several supplements, did conceal his and their estate and effects and did conceal, remove, alter and destroy the books and writings relating thereto." The defects in this specification are (1) the want of an averment that the acts complained of were done with intent to defraud his creditors, and (2) in not more particularly specifying what property was concealed, or what books and writings were destroyed. No matters are presented in which the bankrupt can raise an issue. The third specification is obnoxious to the first objection stated in regard to the second. Perhaps the reference to Schedule A would be sufficient as to the past entries in the cash-book and journal, but there is no allegation that the things done were with any fraudulent intent. The fourth charges the bankrupt with being privy to the making of false, fictitious, and fraudulent entries in the books of account with intent to defraud the creditors, and by an amendment thereto, afterwards allowed by the court, it is specified that they were made in the cash-book and journal, and refers to Schedule A, filed with the specification, as containing a large portion of such entries. I think this is sufficiently definite to disclose to the bankrupt the charges which he is to meet, and the motion to strike out is overruled. The objections to the sixth, seventh, eighth, and ninth specifications are well taken, and the case must stand as if none such were filed. It has been the uniform practice under the bankrupt act to consider all specifications as too vague and general which charge the offence in the words of the act. The particulars in which the bankrupt has offended should be so set forth, that he may be apprised of the precise matters wherein he is alleged to have transgressed. Blum. Bankr. 504; In re Butterfield [Case No. 2,247]; In re Hill [Id. 6,482]; In re Marston [Id. 9,142]; In re Son [Id. 13,174]; In re Eidom [Id. 4,314]. The case rests then upon the first, fourth, and fifth specifications. The first charges a preference contrary to the provisions of the bankrupt act, in transferring to one Stephen H. Condict, the father of the petitioner, in the month of November, 1869, their whole stock of merchandise for the purpose of preferring him as a creditor: the fourth with making or causing to be made false and fictitious entries in the books of account of the firm; and the fifth with giving fraudulent preferences to a number of their creditors, whose names are enumerated in Schedule B.

I have examined the evidence with care, and am of the opinion that the opposing creditors, upon whom the burden of proof rests, have failed to establish the truth of these specifications. It does not appear that Stephen H. Condict was a creditor of the firm when the sale of the merchandise was made to him, and if he had been, such a transfer, two or three years before the petition in bankruptcy was filed, was not against the provisions of the bankrupt act in regard to preference to honest creditors. In re Jones [Id. 7,446]. The entries in books complained of, although irregular, seem to have been necessary to make them express the business of the partnership and to conform to the facts of the transactions as they actually existed, and the alleged fraudulent payments, as exhibited in Schedule B, were made to their bona fide creditors in the regular course of their business during the years 1869, 1870, and 1871, before any act of bankruptcy is shown to have been committed. The petitioner is entitled to his discharge.