## In re HOLMAN.

(District Court, S. D. Iowa, E. D.  February 27, 1899.)

### No. 708.

1. BANKRUPTCY—OPPOSITION TO DISCHARGE—KEEPING BOOKS.
   A failure to keep proper books of account in a business from which the bankrupt retired six years before the enactment of the bankruptcy law, is no ground of opposition to his discharge, since such failure could not have been "in contemplation of bankruptcy," within the meaning of section 14 of the act (30 Stat. 550).

2. SAME.
   The court will not refuse to discharge the bankrupt, unless creditors appear in opposition to the discharge, file written specifications sufficiently alleging the grounds of their opposition, and sustain the burden of proving the grounds specified.

3. SAME—SUFFICIENCY OF SPECIFICATIONS.
   Specifications in opposition to the discharge of a bankrupt must not be mere statements of legal conclusions, but adequate statements of issuable facts. They must be distinct, specific, and definite, not vague or general.

4. SAME—AMENDMENT OF SPECIFICATIONS.
   If specifications filed in opposition to the discharge of a bankrupt do not sufficiently allege the grounds of opposition, they may be ordered amended; and, if the amended specifications do not show sufficient grounds for refusing the discharge, they may, on motion of the bankrupt, be stricken from the files, and the bankrupt's application for discharge will then stand as unopposed.

In Bankruptcy. On objections to application for discharge.

C. F. Howell, for bankrupt.
Vermillion & Vermillion, for opposing creditor.

WOOLSON, District Judge. The bankrupt having applied for his discharge, upon the day set for hearing such application the Wheeler & Wilson Sewing-Machine Company filed its appearance in opposition to such discharge, and its grounds of such opposition. On

motion of the bankrupt, this court, finding such grounds insufficiently stated, sustained the objections thereto filed by the bankrupt; whereupon said opposing creditor filed its amended grounds of opposition to discharge. The bankrupt now, objecting to same, moves to strike from the files this amendment, for the reason that it states no facts which would prevent a discharge, and, further, that it is not such an amendment as required by the order of the court in its ruling as to original grounds proposed. Both parties have favored the court with briefs.

First, as to that part opposing the bankrupt's discharge on the ground that said bankrupt, "with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, destroyed, concealed, and failed to keep books of account," etc. At the instance of said opposing creditor, the bankrupt was examined at length before the referee, and his testimony is among the files, and submitted with this motion. It is therein shown that the bankrupt, in 1892, was carrying on the business of a retail grocer and restaurant keeper, and that he sold out his business in that year, and has not been since engaged in any business bearing a mercantile character beyond that of attending county fairs, and thereat, and at like gatherings, selling lemonade, peanuts, etc., at what is commonly called a "peanut stand." It is also shown that he has at times assisted the man to whom, in 1892, he sold his said business and property, by overseeing repairs, at request of such man, on some of the property, for which he was from time to time allowed something on his (the bankrupt's) rent as it accrued on that part of such sold property which the bankrupt had rented for his residence from his said vendee. The specified grounds of opposition do not allege any facts as occurring or having occurred since 1892 with regard to said books of account. It becomes unnecessary to determine whether this specified ground of opposition is sufficiently pleaded. It cannot be that a failure, if it existed, in and prior to 1892, to keep proper books of account, is, within the true meaning of the present bankruptcy act,—which was approved and went into effect July 1, 1898,—a "failure to keep," etc., in contemplation of bankruptcy. At that date no bankruptcy statute was in effect. It is impossible the bankrupt, six years before the passage of the act, then had in contemplation that he would commit any act of bankruptcy as defined in such act, or that he would avail himself of the provisions of the act. Collier, in his excellent treatise on the Law of Bankruptcy, asserts (page 136) that the failure to keep, etc., books of account by one in contemplation of bankruptcy is, under the statute, necessarily limited to acts committed after the passage of the present statute. The conclusion necessarily follows that the specified grounds are insufficient.

I have carefully read and re-read the specified grounds which attempt to defeat discharge because of his failing to schedule in his schedules filed, and failing to surrender to his trustee herein, certain real estate described in said specified grounds. It is averred that "the legal title to such real estate is held by some party, whose name is to this creditor unknown, in trust for the bankrupt,

and said bankrupt is the real owner thereof," etc. The further allegation charges that the bankrupt made false oath to his schedule in this respect, and "knowingly, willfully, and fraudulently failed to attach to his petition schedule of such property as belonging absolutely to him, or as held in trust for him." It will be noticed that the present statute contains peculiar phraseology (section 14): "The judge shall hear the application for a discharge * * * and discharge the applicant unless he has (1) committed an offense punishable by imprisonment as herein provided, or (2) with fraudulent intent," etc., "and in contemplation of bankruptcy, destroyed," etc., "books of account." Unless, then, the judge finds one of these two conditions exists, he "shall discharge the bankrupt." The court will not, of its own volition, set in motion the machinery to prove either of such conditions exists. In re Schuyler, 3 Ben. 200, Fed. Cas. No. 12,494; In re Rosenfeld, 2 N. B. R. 117, Fed. Cas. No. 12,057. Objections must be made by proper parties interested, or the discharge passes. General order 32 provides that the opposing creditor must enter his appearance in opposition to the discharge, and file a specification in writing of the grounds of his opposition. On the creditor opposing discharge is (1) the duty of alleging sufficiently specified grounds of such opposition, and (2) the burden of proving such grounds. Rule 12 of the rules in bankruptcy proceedings adopted in this district conforms to this view:

### Rule 12.

(1) Application for a discharge on behalf of a bankrupt (see general form No. 57) shall be verified by the bankrupt and be filed with the clerk of the district court, and shall, by said clerk, be forthwith sent to the referee having charge of the bankruptcy proceedings of said bankrupt. Upon receipt of said application in proper form, the referee shall forthwith notify the creditors by mail of the filing of said application, and that if they propose to show cause against such application, an appearance in opposition must be entered in writing before the referee at the place and on or before the date fixed in said notice; and said notice shall be published once (unless the referee for good cause shall order farther publication), in the newspaper wherein was published notice of first meeting of the creditors of said bankrupt. Notice of the time and place thus fixed, and that he is required then and there to attend, shall also, by said referee, be mailed or given in person to said bankrupt, and it shall be the duty of the bankrupt to attend accordingly.

(2) If no appearance in opposition to such application for discharge is filed with said referee on or before the time thus fixed, said referee shall forthwith mail to the clerk of the district court at Des Moines the application for such discharge, with his certificate showing that due notice of the filing of application for such discharge had been given to said creditors, and duly published as directed; that no appearance in opposition had been filed on behalf of anyone; the amount, if any, of costs and expenses, remaining unpaid to the referee or trustee, and also certifying whether the bankrupt has or has not fully complied with the requirements of the bankrupt act, so far as known to the referee.

(3) If an appearance in opposition to said application for discharge is filed, the referee shall retain the matter until the expiration of the ten days allowed (see general order No. 32),—after date fixed in said notice,—for filing specifications of the ground of opposition, (see general form No. 58); and at the expiration of said ten days, the referee shall send to the clerk of the district court at Des Moines, the application for such discharge, with his certificate showing the action had before him, and also showing so far as applicable, the several matters by last preceding paragraph required to be

certified. Thereupon the judge will fix the time and place for hearing the issues thus presented and will prescribe the notice to be given thereof.

(4) If no appearance in opposition to the application for a discharge is filed before the referee, or, if filed, no specifications in support thereof are filed before the referee within the ten days allowed therefor, said application for discharge will then be for hearing before the judge without further notice to the parties. And unless a different time and place are fixed by a special order of the judge, such hearing will be had before the judge at chambers in Des Moines, at 10 o'clock, a. m., on the rule day (rule day being the first Monday in each month) next after the filing of the referee's said certificate with the clerk, or upon any succeeding rule day when the judge may be present in chambers at Des Moines.

This rule contemplates that, when questions of fact are put in issue in these specifications of opposition, the judge will separate them out, and refer such issues of fact to the referee for the taking of testimony relating thereto, and his report of the facts thereby proven. But this all contemplates the specifications of grounds of opposition will of themselves be sufficient. Else it is useless to refer them to the referee, or for the judge in person to attempt a hearing. These specifications must not be mere statements of legal conclusions. They must be adequate statements of issuable facts. "While the objections are not to be pleaded with the strictness of common-law pleading, yet it is necessary that the facts be alleged, and that such allegations be distinct, specific, and definite, so as to clearly inform the bankrupt what he is to disprove. If they are vague or general, the court will dismiss them, or compel the objecting party to be more definite." Coll. Bankr. 138, and cases cited. The court required the opposing creditor herein to make more specific, etc., his grounds of opposition. He has attempted to comply. And counsel, in his brief, states the inability of such creditor to more specifically state the facts than they appear in the grounds of opposition as amended. If these are insufficiently stated now, it is useless to direct further amendment.

The examination of the bankrupt was had before the referee some weeks prior to the filing by the creditor of his amended grounds of opposition. The testimony, as certified up, shows the examination to have been searching and exhaustive. A part of such testimony bears directly on the specified grounds. The court may, therefore, apply the grounds to the testimony. It must be conceded that, in any decision reached at the present stage of the case, the court must consider the specified grounds, and the testimony referred to, in the light most favorable to the opposing creditor of which they are properly susceptible. And if, when thus considered, there appears no sufficient ground, under the statute above quoted, for refusing the discharge, the court should sustain the motion to strike out the grounds as specified, and enter order granting discharge. This latter course would be here permissible, since, no other creditor having appeared to oppose discharge, if the specification of grounds as filed by this opposing creditor are stricken out, the matter stands as though no specification of such grounds had been filed; and therefore, under the fourth paragraph of rule 12, above quoted, the order of discharge follows as of course, unless the court shall find some defect or informality of such a nature as to require the

court to decline to grant discharge until said defect or informality is corrected, and properly supplied.

Without here taking the .time to state in detail the reasons impelling me to such conclusion, I may say that I have carefully considered each of the specified grounds of opposition as contained in, the objections filed by the opposing creditor. No useful purpose would be subserved by here taking up and considering in detail the specified grounds. I find that none of them are sufficient, under section 14 of the act, to justify refusing discharge. The motion to strike out the specifications of grounds of opposition as filed by the opposing creditor must be sustained. This leaves the application for discharge of the bankrupt as unopposed, and the same, under rule 12, will regularly come before the court for action on the next rule day.