## In re STARK.

(District Court, S. D. New York. March 18, 1899.)

BANKRUPTCY—OPPOSITION TO DISCHARGE—KEEPING BOOKS.

Where, in 1891, an execution upon a judgment by confession was levied upon the debtor's stock, including the safe in which the books of account were kept, and the debtor, becoming bankrupt under the act of 1898, testified that he had never seen the books of account since that time, and

did not know what had become of them, *held,* that the evidence was not sufficient to show that the loss or disappearance of the books in 1891 was brought about by any "fraudulent intent" on the part of the bankrupt to "conceal his true financial condition," and constituted no ground for refusing his discharge in bankruptcy.

In Bankruptcy. On certificate from referee in bankruptcy.

The issues arising upon the bankrupt's application for discharge in this case, and the specifications in opposition thereto, were referred to the referee in bankruptcy, to ascertain and report the facts. He found that in 1891 Isidor Stark, the bankrupt, who was then a member of the firm of Isidor Stark & Bros., confessed judgment to a brother for borrowed money. Under an execution issued on such judgment, the sheriff levied on the assets of the partnership, and took possession of their store. The firm kept the usual books of account, which at the time of the levy were in a safe in the store. The bankrupt testified that he had never seen them since, and that he did not know what had become of them. Objections to the bankrupt's discharge were based solely upon an allegation that he had, "with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, destroyed, concealed, or failed to keep books of account or records from which his true condition might be ascertained." Bankruptcy Act 1898, § 14, cl. b. The referee reported: "In my opinion, the proof does not show, on the merits, that the bankrupt destroyed, concealed, or failed to keep books of account. If the bankrupt had destroyed or concealed his books of account in the year 1891, that would, in my opinion, not have been an act in contemplation of bankruptcy, within the meaning of section 14 of the act. The term 'bankruptcy' is sometimes loosely used to mean insolvency; but 'contemplation of bankruptcy,' within the meaning of the present act, is, in my opinion, an actual, legal bankruptcy, under a bankrupt act, and not a mere general condition of insolvency at a time when no bankrupt act was in existence."

Hays, Greenbaum & Hershfield, for the bankrupt.
Black, Olcott, Gruber & Bonynge, for opposing creditors.

BROWN, District Judge. It is not necessary to consider here whether the words "in contemplation of bankruptcy" in section 14, cl. 2, of the act of 1898, are broader in their signification than under prior acts (Buckingham v. McLean, 13 How. 167; In re Craft, 6 Blatchf. 178, Fed. Cas. No. 3,317; In re Goldschmidt, 3 Ben. 379, Fed. Cas. No. 5,520; In re Freeman, 4 Ben. 245, Fed. Cas. No. 5,082) or not; for I am of opinion that the evidence is not sufficient to warrant the finding that the loss or disappearance of the books of account in this case in 1891 was with any "fraudulent intent of the bankrupt to conceal his true financial condition" or with any other fraudulent intent. I do not see any sufficient reason for such an implication or inference. His acts done at that time were lawful. There would be no apparent motive for such concealment and it is denied.

Discharge granted.