## In re HIXON.

(District Court, S. D. Iowa, Central Division. April 6, 1899.)

### No. 502.

1. BANKRUPTCY—DISCHARGE—OPPOSITION.

The bankrupt's application for discharge will not be refused unless opposing creditors allege, and sustain the burden of proving, facts sufficient, under the act, to defeat the application. The formal prerequisites to a discharge having been complied with, the judge will not, of his own motion, seek out grounds for refusing to discharge the bankrupt.

2. SAME—SPECIFICATIONS IN OPPOSITION.

Creditors opposing the bankrupt's application for discharge must set forth the particular and specific facts on which their opposition is based. Specifications alleging that the bankrupt has "concealed a part of his effects from the court," and has, "in contemplation of becoming bankrupt, made payments, transfers, and assignments of his property for the purpose of preferring a creditor," are too vague, general, and indefinite to prevent the granting of a discharge.

In Bankruptcy. On application of bankrupt for discharge.

Binford & Snelling, for bankrupt.

WOOLSON, District Judge. Certain creditors have filed herein what they term "specifications" of "the grounds of opposition" to granting discharge herein. The files show that all the merely modal prerequisites to granting discharge have been fulfilled. Unless these "specifications" in opposition, etc., shall prevent, the bankrupt is entitled to his discharge. Section 14, par. b, provides that "the judge shall hear the application for a discharge, and such proofs and pleas as may be made in opposition thereto by parties in interest," etc. General order 33 provides, "A creditor opposing the application of a bankrupt for his discharge, * * * shall enter his appearance in

opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the grounds of his opposition, within ten days thereafter," etc. Rule 12 of the bankruptcy rules provided for this district further simplifies this matter by providing that such appearance and grounds of opposition shall be filed with the referee having the bankruptcy case in charge. Abundant opportunity is given for the examination, under oath, of the bankrupt at the first meeting of creditors, and afterwards at the time by the referee fixed for filing written appearance of creditors (paragraph 1 of rule 12), thus enabling the creditor to secure the opportunity of a second examination of the bankrupt in the light of such facts as the creditor may have learned after said first meeting. No doubt, upon a proper showing, the referee would provide opportunity for examination of the bankrupt between these two meetings. Thus the creditor has at his command abundant opportunity to ascertain particular and specific facts on which to base whatever opposition he desires to make to the discharge of the bankrupt. If, on such examination, the sworn testimony of the bankrupt discloses facts whose existence would prevent such discharge, the creditor is afforded ready opportunity to specify and present same. If, however, such sworn testimony is claimed to be materially false, and the creditor can prove the truth, then such creditor can readily specify the particulars wherein such false oath is alleged, so that court and bankrupt may easily comprehend same. The same general suggestions are correct as to the other grounds whose proven existence would defeat discharge. But it is incumbent on the creditor to assert and prove the existence of facts sufficient, under the statute, to defeat discharge. On the creditor is the burden of proof. "The judge shall * * * discharge the applicant, unless," etc. The judge will not of his own motion seek out grounds for refusing discharge, where the essential statutory prerequisites in the bankruptcy proceedings have been met. And since abundant opportunity is thus afforded the creditor for particularly and definitely ascertaining the exact grounds upon which a discharge should be refused, if such grounds exist, no injustice is done to the creditor by requiring that for which the statute, general orders, and rules provide, viz. "specification" of such grounds. This is due to the bankrupt, that he may prepare to meet such grounds. It is due, also, to the court, that the court may have a defined limit within which evidence and argument may be confined. The statute (section 14) states in most general terms the "grounds" for refusing discharge. Plainly, this was necessary, since, with the general boundaries so clearly stated, we could the more accurately and readily determine whether a specific state of facts was included therein. Equally manifest is it that a part of the duty of an opposing creditor is to so clearly and specifically state the facts constituting the grounds of his opposition that the court may know whether such grounds are within the terms of the statute. The grounds of opposition, as specified in the pending case, are stated substantially in the words of the statute, viz.: He has "concealed a part of his effects from the court. He has, in contemplation of becoming a bankrupt, made payments, transfers, and assignments of his property for the purpose of preferring a creditor

having a claim against him, and to prevent same coming into the hands of the trustee." Occasions may arise where the opposing creditor cannot specify with complete exactness the grounds he urges; that is, in some particulars he may not have succeeded, after diligent effort, in ascertaining all the details. But, if he expects to prove his alleged grounds, he must have knowledge of that which he expects to prove, and can to that extent specify. Of what avail, as a part of pending proceedings, is it that the bankrupt is charged with having "concealed a part of his effects," etc., or of having "made payments, transfers, and assignments of his property with the purpose." etc.? Such charges inform neither the court nor bankrupt of the grounds—the facts— which are charged. Indeed, these charges cannot, in any proper sense, be termed "specifications," but are plainly and grossly generalizations. Counsel, in drawing and filing same, must have known, upon a moment's reflection, that a trial would not be had thereon, and that it was impossible for the judge to refer the same to the referee, to take testimony thereon. He must have known that, before issue could be taken thereon, an amendment must be made which should specify the grounds intended to be urged. On the face of the papers, it would seem that these "specifications" must have been entered either to stand to the bankrupt as a threat of further trouble, unless in some way the claims of these creditors were met, or for the purpose merely of causing postponement and delay in the granting of the discharge,— so certain is it that these miscalled "specifications" do not specify. I am not advised further than by the papers themselves. The files show that all the modal prerequisites to discharge have been fully observed, and that, unless the opposition of these creditors shall prevent discharge, such discharge should now be granted.

The practice of the bankruptcy courts, as heretofore followed in the matter above under consideration, appears to have been substantially uniform.

Black, in his annotated volume on the present Bankruptcy Law, states the following (page 80):

Allegations in opposition to a discharge are not sufficient when they simply follow the words of the statute; they must be as exact as the specifications in an indictment; and no intendment will be made in favor of the pleader. In re Butterfield, 5 Biss. 120, Fed. Cas. No. 2,247; In re Hill, 2 Ben. 136, Fed. Cas. No. 6,482; In re Freeman, 4 Ben. 245, Fed. Cas. No. 5,082.

Collier, in his treatise on Bankruptcy, declares (page 138) that:

While the objections are not to be pleaded with the strictness of common-law pleading, yet it is necessary that the facts be alleged, and that such allegations be distinct, specific, and definite, so as to clearly inform the bankrupt what he is to disprove. If they are vague and general, the court will dismiss them, or compel the objecting party to be more definite. [Citing a number of cases.]

In re Graves, 24 Fed. 550, presented to Judge Coxe the point under consideration. In that case the "specification" he was considering was in the exact language of the statute.—in substance, that the bankrupt, being a merchant, "had not kept proper books of account." The learned judge says:

The authorities appear to be numerous and uniform that, under a broad, indefinite allegation like the present, the creditor may prove that the bank-

rupt kept no books at all, or that he failed to keep any one of the books necessary for the transaction of the business in question. Having failed in this, however, he cannot enter into an examination of the books themselves, for the purpose of showing that they were carelessly kept, or kept on a wrong principle. If such an issue is to be raised, the bankrupt must be advised of it by distinct, specific, and definite statements of pleading. In Condict's Case, 19 N. B. R. 142, Fed. Cas. No. 3,094, the court says: "It has been the uniform practice under the bankrupt act to consider all specifications too vague and general which charge the offense in the words of the act. The particulars in which the bankrupt has offended should be so set forth that he may be apprised of the precise matters wherein he is alleged to have transgressed." In Frey's Case, 9 Fed. 376, the court says: "The objection being, therefore, to the manner in which the books are kept, and to imperfections or omissions therein, general objections, like those above stated, are not sufficient. The particular irregularities or omissions must be pointed out in the specifications, to entitle them to be considered." [And numerous cases are cited.]

The holding of Judge Coxe appears to be very favorable to the objecting creditor, in that it would permit an issue to be raised wherein the omission alleged is not specified. No more favorable holding has been pointed out to me. But even under that holding the specifications in the pending case must be held insufficient, as being too vague, uncertain, indefinite, and as not specifying.

At the close of the extract from Collier appears the suggestion that the judge may compel the objecting party to be more definite. Doubtless, this refers to the case where the objecting creditor has attempted to specify, but has failed to push his specification sufficiently far into detail. Manifestly, the court would, in such a case, where the good faith in the attempt of the creditor is manifest, permit amendment. But such amendment ought to be permitted only where there is manifest an attempt of the creditor to specify. In such a case the court may properly grant opportunity for the presentation of the specific facts which the objecting creditor claims to exist.

The conclusion is that the grounds, as alleged, do not justify an investigation thereof by the judge, and are not sufficient to arrest the granting of the discharge for which application is made. The objections are overruled, and the discharge is granted.