### In re CARMICHAEL.

(District Court, N. D. Iowa, W. D. September 27, 1899.)

1. BANKRUPTCY—PROVABLE DEBTS—PARTNER'S CLAIM FOR CONTRIBUTION.
     Where judgments against a firm, in favor of certain of its creditors, were bought up by one of the partners, who took assignments of the judgments to himself, *held*, that he thereby became a creditor of each of his co-partners for their respective shares of the money advanced by him in purchasing the judgments, and was entitled to prove a claim for such share against the individual estate of one of the co-partners in bankruptcy.

2. SAME—OPPOSITION TO DISCHARGE—FAILURE TO KEEP BOOKS.
     Under Bankruptcy Act 1898, § 14, in order to defeat a bankrupt's petition for discharge on the ground of his having failed to keep proper books of account, it must be shown that such failure was with a fraudulent intent on the part of the bankrupt to conceal his true financial condition, and in contemplation of bankruptcy.

3. SAME—"CONTEMPLATION OF BANKRUPTCY."
     The words "contemplation of bankruptcy," as used in the bankruptcy act in relation to the bankrupt's right to be discharged, mean contemplation on his part of becoming a bankrupt on his voluntary petition, or of doing an act or acts which will enable his creditors to obtain an adjudication against him; and contemplation merely of a condition of insolvency is not enough.

4. SAME.
     A failure to keep proper books of account, in a business in which the bankrupt had been engaged as a partner with others, but which terminated several years before the enactment of the bankruptcy law, is no ground of opposition to his discharge, since such failure could not have been "in contemplation of bankruptcy," within the meaning of section 14 of the act (30 Stat. 550).

5. SAME—GROUNDS FOR REFUSING DISCHARGE.
     It is no ground for refusing a bankrupt's application for discharge that the creditor objecting thereto holds a judgment against him for willful and malicious injury to property, or a claim founded upon the fraud of the bankrupt or his misfeasance as a fiduciary. Such debts will not be affected by the discharge when granted, but they do not defeat the bankrupt's right to be discharged.

In Bankruptcy. Submitted on objections to petition for discharge and the evidence in support thereof.

P. R. Bailey, for bankrupt.
O. H. Montsheimer, for opposing creditor.

SHIRAS, District Judge.    The petition upon which the adjudication of bankruptcy was entered in this case was voluntarily filed by John A. Carmichael, and in form is his individual petition, no reference being made therein to any partnership relation having existed between the petitioner and any third party, and the adjudication was entered against Carmichael only.    In the progress of the case before the referee, it was developed that some 15 years ago the bankrupt was a member of a firm composed of Robert Jones, George W. Schee, and the bankrupt, and the bulk, if not all, of the indebtedness set forth in the schedules attached to the petition was created for goods purchased by the firm, which failed and went out of business some 15 years ago, but it does not appear that any formal settlement of the partnership affairs has ever been had.    At the first meeting of the creditors, George W. Schee appeared as a creditor, setting up the fact that he had bought the judgments entered against the firm in favor of the creditors thereof; and, upon a hearing subsequently had, the referee found and adjudged that he was a creditor of the bankrupt in the sum of $1,282.67, as evidenced by judgments against the partners, but assigned to Schee.    Upon the filing of the petition for discharge, Schee filed objections thereto, and the case is now before the court upon the question whether the bankrupt is entitled to a discharge. Under the form of the petition and the adjudication, the bankrupt is only entitled to ask a discharge against his individual creditors, as there has been no foundation laid in the proceedings for a discharge against the partnership creditors, if any such now exist.    So far, however, as the opposing creditor is concerned, he is but a creditor individually of the bankrupt.    By the purchases made by him of the judgments entered against the firm of which he was a member, he discharged the liability of the firm to the judgment creditors, but became a creditor of his co-partners for their respective shares of the money by him advanced in the purchase and discharge of these judgments, and the mere fact that he procured assignments in writing to himself of the judgments in question does not change his position with respect to his co-partners.    It was therefore open to Schee to appear as a creditor of Carmichael, his former partner, and to prove up his claim against him as an individual; but, having done so, he occupies merely the position of an individual creditor, against whom a discharge, if granted, will be effectual, the same as though he had never been a partner with the bankrupt.

Thus we are brought to a consideration of the grounds relied upon to defeat the granting the discharge prayed for, the first of which is that the bankrupt, prior to his failure, with fraudulent intent, and in contemplation of insolvency and bankruptcy, failed to keep proper books of account, from which his true condition might be ascertained. The only evidence offered in support of this specification is the testimony of the bankrupt with respect to the books of account kept by the firm prior to its failure, some 15 years ago.    Under the present act, to defeat the right to a discharge it must be shown that the failure to keep proper books of account was with the fraudulent intent on part of the bankrupt to conceal his true financial condition, and in contemplation of bankruptcy.    The evidence fails to show that the

mode in which the books were kept was adopted for any fraudulent purpose whatever, or in contemplation of bankruptcy.     Under the decision of the supreme court in Buckingham v. McLean, 13 How. 151, it must be held that the words "in contemplation of bankruptcy" mean that the debtor has in view going into bankruptcy on his own petition, or the doing of an act or acts which will enable his creditors to obtain an adjudication against him, and therefore proof merely of a condition of insolvency will not meet this requirement of section 14 of the bankrupt act.     If this construction of this clause is the proper one, it follows that the failure to keep proper books of account in connection with a business which terminated some 15 years ago could not have happened with a view to, or in contemplation of, bankruptcy; for at that time the act was not in existence, and therefore there was no statute providing a method by which a debtor could procure a decree adjudging him to be bankrupt on his own petition, nor was there any statute defining the acts either of omission or commission on part of the debtor that would enable his creditors to procure an adjudication against him, and therefore it is impossible to show that the failure of the bankrupt to keep proper books of account, which failure took place years before the enactment of the bankrupt act, was in contemplation of bankruptcy.

The next specification relied upon as a ground for defeating the granting a discharge is that the creditor, Schee, has a judgment against the bankrupt for willful and malicious injury to the property of said Schee, but the difficulty is that the evidence wholly fails to show that Schee holds a judgment of this character.     The evidence does show that, when the property of the firm was disposed of, Carmichael consented to a sale of property inventoried at $600 for the sum of $200, in consideration of receiving a year's board from the purchaser.     It is doubtless true that Schee, as a partner of Carmichael, could have had this sale set aside, as in fraud of his rights, had he moved to that end in proper time, or possibly he might have obtained a judgment for damages against his partner, based upon a charge of fraud in this sale of the firm property; but he did not do so, and therefore he cannot claim that he has a judgment in any form against the bankrupt, based upon this transaction, and, if he had, it would not in fact be based upon a willful and malicious injury to his property committed by the bankrupt, and, furthermore, if he had a judgment against the bankrupt for willful and malicious injury to his property, that fact would not defeat the granting the discharge, but would only except the judgment from the effect of the discharge under the provision of section 17 of the act.

This latter fact is also applicable to the remaining ground of objection to the discharge, to wit, that Schee has a claim for fraud and misappropriation of the firm property by the bankrupt, in that he connived at a sale thereof for much less than its value, he holding it in a fiduciary capacity.     If the creditor has such a claim, he has never proved it as a debt in these proceedings, nor has he established it by judgment; but, if he had, it would not be a bar to the granting the discharge, but would only constitute a claim which would be excepted out from the effect of the discharge when granted.

Finding no substantial merit in the objections interposed to the petition for discharge, the same are overruled, and the petition for a discharge is granted.