In re FREUND.

(District Court, S. D. New York. December 7, 1899.)

1. BANKRUPTCY—OPPOSITION TO DISCHARGE — CONCEALMENT OF ASSETS — EVIDENCE.

On opposition to a bankrupt's application for discharge, on the ground of his having concealed assets from his trustee, it appeared that he had been conducting a certain business under a power of attorney from his wife, acting in all respects as if the business were his own, but that the stock in trade had been transferred to the wife two years before by itemized bills of sale, and that the husband had been insolvent for several years, and could not hold property in his own name. There was no evidence that the bankrupt had contributed any capital to the purchase of the business, but it was shown that the assets of his previous business were conveyed, at his failure, in liquidation of debts exceeding their value. *Held*, that the evidence was not sufficient to prove that the business in question belonged to the bankrupt.

2. SAME—OMISSION OF PROPERTY FROM SCHEDULE.

The mere fact that a bankrupt omitted to list in his schedule of assets certain furniture which he had bought for his wife 26 years before, and which was regarded as her property, is not such a knowing and fraudulent concealment of property from his trustee in bankruptcy as will forfeit his right to a discharge.

In Bankruptcy. On bankrupt's application for discharge, and opposition thereto by creditors.

Blumenstiel & Hirsch, for bankrupt.
Rudolf Dulon, opposed.

BROWN, District Judge. The evidence is insufficient to warrant finding that the business conducted since April, 1897, at 339 Grand street is assets of the bankrupt rather than the property of his wife. The bills of sale made out to her of all the goods in the store, item by item, dated April 1, 1897, are prima facie evidence of her title. The bankrupt had failed in September, 1895, owing all the debts named in his present schedules. He could not hold property, or carry on his business without subjecting the goods to immediate sale on execution. There is no reason, therefore, to doubt that the business was intended to be the property of his wife. The bankrupt managed the business under a power of attorney from her; and in their efforts to make a living by this business, he no doubt acted throughout as if the business were his own. But in all this there was nothing inconsistent with the wife's lawful ownership of the business, or with their unity of aim and labor to win support for their family and gradually to

98 F.—6

pay the purchase price out of the earnings of the business, upon account of which $1,400 has in fact been already paid.

There is no evidence that the bankrupt himself contributed any capital towards the purchase of that business, either in 1897 or since. The conveyance of the assets of his previous business upon his failure more than a year and a half before, was made, as the testimony shows, on account of loans of money and indorsements by his brother Moses to the amount of $12,000, which the property conveyed was not sufficient to meet. As there is no testimony opposed to this, nor circumstances incompatible with its truth, it must be accepted as a fact. The loss of the moneys raised by Mrs. Freund by mortgage on her house to establish a business in Columbus avenue and Third avenue during that year and a half, tends to support the truth of the defendant's testimony. I find, therefore, that the specification alleging the Grand street business to be the property of the defendant is not sustained. And the same as respects the furniture to the amount of about $1,000 bought for his wife about 26 years ago which presumably was intended as a gift to her at that time. To make this a ground for withholding a discharge, it would be necessary to find that this was knowingly and fraudulently concealed from the trustee, constituting a criminal offense punishable by imprisonment (Bankr. Act, § 14b, subd. 1; Id. § 29b, subd. 1); or else that the bankrupt made knowingly and fraudulently a false oath in reference to it. Beyond the mere omission of this property from the schedules, there has been no concealment. After this length of time the furniture must be of comparatively little value; and whatever its value, it was probably and naturally regarded as the wife's, so that whether strictly her property or not, the circumstances do not warrant finding its omission from the schedules to have been a fraudulent concealment constituting a criminal offense.

The discharge should, therefore, be granted.