In re McGURN.

(District Court, D. Nevada. June 16, 1900.)

1. BANKRUPTCY—DISCHARGE OF BANKRUPT—OPPOSITION—OBJECTIONS BY CREDITORS.

Under Bankr. Act 1898, § 14b, providing that upon an application for a discharge the judge shall hear such proofs and pleas as may be made in opposition thereto, and discharge the applicant, unless he has committed an offense punishable by imprisonment as provided in said act, or with fraudulent intent has destroyed, concealed, or failed to keep books of account from which his true financial condition may be ascertained, specifications in opposition to a bankrupt's application for a discharge, and the proofs in support thereof, must distinctly allege and establish one or more of the above grounds for refusing to discharge.

2. SAME—BURDEN OF PROOF.

Upon the hearing of objections to the discharge of a bankrupt, the burden of proof is upon the opposing creditors to establish their charge against the petitioner by satisfactory and sufficient evidence.

3. SAME—FRAUDULENT CONVEYANCES—EVIDENCE.

Evidence that, more than 10 years before the enactment of the bankruptcy law, the petitioner for a discharge in bankruptcy sold his business, for a valuable consideration, to his wife, who thereafter employed her husband to manage and conduct the same for her, and that he took therefrom from $200 to $300 per month for his personal expenses, is not sufficient to support an opposition to the discharge of a bankrupt, on the ground that said business is in fact the property of the bankrupt, and should have been included in his schedule of assets, where it appears that the validity of said transfer to the wife has been contested by the opposing

creditor in the state courts, and a judgment rendered establishing its validity, and no additional facts or proceedings are adduced to bring the case within the provisions of the bankrupt act.

Petition for Discharge in Bankruptcy.

Torreyson & Summerfield, for petitioner.
Alfred Chartz, for opposing creditor.

HAWLEY, District Judge (orally).   On November 4, 1899, T. R. McGurn, petitioner herein, was adjudged a bankrupt on his voluntary petition.   The matter was referred to the referee.   Proceedings in due course of law were had, and on April 21, 1900, the petitioner made regular application for his discharge, and an order was made for the usual publication and notice to creditors.   All of the formal prerequisites to a discharge have been complied with.   On April 25, 1900, H. H. Beck, who had an existing and proved claim of $2,764.61 against petitioner, filed his opposition against petitioner's application for discharge upon the ground that the "said bankrupt has not returned either a full or truthful schedule of his property, showing the amount and kind of property, the location thereof, or its money value in detail; that said Thomas R. McGurn, bankrupt, is the owner, and for more than 20 years last past has been the owner, of a large and valuable stock of groceries, provisions, wood, coal, teams, and wagons; and that since on or about February 7, 1887, said T. R. McGurn, bankrupt, has been conducting said business of dealing in general merchandise at Virginia City, Storey county, Nevada, and carries on the same in the name of his wife, Mary F. McGurn; and that said property is of the value of at least $10,000."

The evidence offered to sustain these charges is wholly insufficient. In brief, it appears therefrom that, in 1887, petitioner, being then engaged in the general merchandise and wood and coal business, sold and delivered the property he then possessed to his wife for a valuable consideration; that she thereafter conducted said business, and employed her husband to manage and conduct the same for her; that in December, 1895, Beck & Thompson obtained a judgment against the petitioner in the district court of Storey county, Nev. (which is the basis of the opposing creditor's claim); that in August, 1897, they procured an execution upon said judgment, and levied upon certain goods then situate in Washoe county, Nev., which were claimed by them to belong to the petitioner herein; that Mrs. Mary F. McGurn, wife of petitioner, brought suit against the sheriff of Washoe county, in the district court of said county, to recover said goods or their value, claiming to be the owner thereof; that the pleadings in that suit presented the issue whether the sale of the stock of merchandise, etc., in Storey county, by T. R. McGurn, was fraudulent and void or bona fide; that the trial of the cause resulted in a verdict in favor of the plaintiff, Mrs. Mary F. McGurn; that in August, 1897, petitioner, T. R. McGurn, was examined in supplemental proceedings, and testified that his wife, in 1892, put $5,000 into the business at Virginia City; that the business was profitable up to the time of the examination, and was then paying very well; that at such examination he testified that he took from the business $200 or $300 per

month for his own personal expenses. (Upon this point the testimony was conflicting.) This covers the entire scope of the testimony offered in this proceeding.

Section 14b of the bankruptcy act of 1898 provides that:

"The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by parties in interest, * * * and investigate the merits of the application and discharge the applicant unless he has (1) committed an offense punishable by imprisonment as herein provided; or (2) with fraudulent intent to conceal his true financial condition and in contemplation of bankruptcy, destroyed, concealed, or failed to keep books of account or records from which his true condition might be ascertained."

From this it will readily be seen that there are only two general grounds specified upon which an opposition can be based to a regular application for a petitioner's discharge. There is no claim or pretense that the opposition filed herein is based upon the first ground above stated. Does it come within the second? If so, is there any substantial evidence to sustain the charge? Specifications in opposition to a bankrupt's application for a discharge, and the proofs in support thereof, should be clear, positive, and direct. The opposing creditor or creditors must distinctly allege and prove one (or more) of the statutory grounds for refusing a discharge. In re Holman (D. C.) 92 Fed. 512, 515; In re Rhutassel (D. C.) 96 Fed. 597; In re Frice, Id. 611. The burden of proof rests upon the opposing creditors to establish their charge against the petitioner by satisfactory and sufficient evidence. In re Holman (D. C.) 92 Fed. 512; In re Hixon (D. C.) 93 Fed. 440; In re Idzall (D. C.) 96 Fed. 314; In re Hirsch (D. C.) 97 Fed. 571; In re Wetmore (D. C.) 99 Fed. 703. No such evidence has been produced. The most that can be said is that there appears to be a suggestion, or a lurking suspicion in the mind of the opposing creditor and of his counsel, that much of the property, or all of it, now owned and held by the petitioner's wife, and the business conducted by her in her own name, is in fact the property and business of the petitioner, and the contention of counsel is that said property should have been included in the schedule of assets. No sufficient evidence has been introduced to sustain this contention. The facts are, as before stated, that the creditor opposing this application applied, prior to the passage of the bankrupt act, to the courts of the state, which were clothed with authority to search the consciences of the respective parties, and to strip the veil from any or all of their fraudulent or simulated dealings, if any existed, and make discovery of the truth; with the result of a verdict from the jury, and a judgment of the court that the sale of the property and business by the petitioner to his wife was not made to hinder, delay, or defraud creditors, but was bona fide and for value, and upon appeal this judgment was affirmed. McInnis v. McGurn (Nev.) 55 Pac. 304. This court is requested to review the evidence in that case, and to decide that the courts of the state erred in not rendering a judgment in favor of the opposing creditor herein. This it respectfully declines to do. There must be some other facts, some other proceedings, some further evidence, in order to bring the case within the provisions of the bankruptcy act, and justify this court in refusing to grant petitioner's application.

Under all the facts and circumstances of this case, it cannot consistently be said that the sale was made by petitioner to his wife "in contemplation of bankruptcy"; for it was made years before the bankruptcy act became a law.

Under the provisions of section 14 of this law, heretofore quoted, in order to defeat a bankrupt's petition for discharge on the ground of his having failed to keep proper books of account, it must be shown that such failure was with a fraudulent intent on the part of the bankrupt to conceal his true financial condition, and "in contemplation of bankruptcy." In re Holman, supra; In re Carmichael (D. C.) 96 Fed. 594; In re Hirsch, Id. 468; Id., 97 Fed. 571.

The grounds set forth and the evidence submitted by the opposing creditor fail to bring this case within either of the statutory grounds upon which the application for petitioner's discharge could be denied. The general principles herein announced are sustained by the following additional authorities: In re Thomas (D. C.) 92 Fed. 912; Sellers v. Bell, 36 C. C. A. 502, 94 Fed. 801, 807; In re Cornell (D. C.) 97 Fed. 29; In re Freund (D. C.) 98 Fed. 81; In re Webb, Id. 404; In re De Leeuw, Id. 408; Loveland, Bankr. § 278 et seq. The petitioner is entitled to his discharge.