### In re CHAMBERLAIN.

(District Court, W. D. New York. September 25, 1903.)

#### No. 1,083.

1. BANKRUPTCY—CONTESTED APPLICATION FOR DISCHARGE—BURDEN OF PROOF.
    The burden of proof is upon an opposing creditor to establish the ground for refusing a discharge by clear, positive, and direct evidence; and where the ground specified is the failure to keep books, and the adjudication was prior to the amendment of the bankruptcy act of 1903, it must be satisfactorily shown that the failure to keep books was with fraudulent intent and in contemplation of bankruptcy.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. §§ 720, 752.

**2. SAME—FAILURE TO KEEP BOOKS.**

The fact that a bankrupt failed to keep books fully showing his true financial condition does not warrant a refusal of his discharge, where there was no concealment or destruction of books, no fraudulent disappearance or shrinkage of assets at any time, and where the bankrupt appeared and testified fully and with apparent candor in respect to all his business transactions, and produced such books and records as he kept, which contained no false or misleading entries.

In Bankruptcy. On motion to confirm referee's report recommending the bankrupt's discharge.

George E. Zartman, for objecting creditors.

George F. Ditmars, for the bankrupt.

HAZEL, District Judge. This is a motion to confirm the report of Asa B. Priest, referee, as special master, upon the hearing of certain specifications filed in opposition to the bankrupt's discharge. The bankrupt was adjudicated on June 17, 1902. The objections, therefore, to his discharge, and the evidence adduced to establish the specifications, are governed and controlled entirely by the provisions of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) as it existed prior to the amendatory act of 1903. The sole ground for refusing a discharge relied upon by counsel for opposing creditors is that the bankrupt has failed to keep proper books of account or records from which his true financial condition may be ascertained. The evidence admitted to sustain this objection is wholly insufficient. The master has correctly applied the rule that specifications in opposition to the debtor's application for a discharge must be substantiated by evidence which is clear, positive, and direct. See In re T. R. McGurn, 4 Am. Bankr. R. 461, 102 Fed. 743, and cases cited. The burden of proof is upon the opposing creditor to establish the ground for refusing a discharge by satisfactory and sufficient evidence. In re Hixon (D. C.) 93 Fed. 440. Moreover, it must satisfactorily appear that the bankrupt's failure to keep books of account or records from which his true financial condition may be ascertained must have been with fraudulent intent to conceal such condition, and in contemplation of bankruptcy. In re Idzall (D. C.) 96 Fed. 314; Brandenburg on Bankruptcy, p. 230. The evidence disclosed that the bankrupt repeatedly appeared before the master at the request of counsel for creditors, giving his testimony without hesitation, to disclose his true financial condition. There is much in the evidence justifying the inference that all the questions propounded to the bankrupt were answered fully and truly. There was no concealment or destruction of books; no fraudulent disappearance or shrinkage of assets at any time preceding the bankruptcy. Neither were there any false or misleading entries in such books as were produced. The evidence, in its entirety, shows a willingness on the part of the bankrupt to explain his business transactions, and the absence of more complete books and records. The bankrupt was engaged in a small way in the business of buying and selling pianos, organs, and musical instruments generally. He kept no accurate books from which the number of organs and pianos sold, to whom sold, and the prices received, might be ascertained. Books were produced by the

bankrupt showing bills payable, and some sales of pianos and prices received subsequent to the year 1900. A few entries of sales of pianos after January 1, 1899, were made; but such books do not contain all the sales since that period, as appears not only by the evidence of the bankrupt, but by conditional sales contracts, which enabled the bankrupt to testify as to the number of sales of pianos and organs, and the prices received. The bankrupt appears to have used these contracts of sales which were in his possession as a substitute for a complete set of books. No knowledge or contemplation of insolvency can be predicated upon the mere failure to keep more complete books. If the evidence warranted finding that the bankrupt knew of his insolvency preceding the filing of the petition to be adjudged bankrupt, and because of his insolvency he failed to keep proper books and records, a different question would be presented. In re Feldstein, 8 Am. Bankr. R. 160, 115 Fed. 259, 53 C. C. A. 479. No inference of fraudulent intent to conceal his property, within the meaning of section 14 of the original act (30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), can fairly be drawn from the bankrupt's failure to keep more accurate books, and therefore the authorities cited by counsel for creditors do not strictly apply. The evidence of the bankrupt, as a whole, leads to the conviction that his failure to keep more complete books of account than such as were exhibited at the hearing was not owing to any fraudulent intent or in contemplation of bankruptcy. The fraudulent intent was the primal element necessary to bar a discharge under section 14, prior to the amendatory provision. Such a finding is not warranted by the evidence.

The report of the special master is confirmed, and an order discharging the bankrupt may be entered, with costs of the reference to the special master against the objecting creditor.