In re KEEFER.

(District Court, W. D. New York. February 20, 1905.)

No. 1,733.

1. BANKRUPTCY—DISCHARGE—FAILURE TO KEEP BOOKS OF ACCOUNT.
   Failure of a bankrupt, who, in addition to teaching, was the agent of a small estate, consisting of a farm, to keep regular books of account or memoranda of his transactions, is not ground for refusing him a discharge, it not being shown such failure was with intent to conceal his financial condition to defraud his creditors.
   [Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 752–757.]

**2. SAME—CONCEALMENT OF PROPERTY—BURDEN OF PROOF.**

The burden of proving fraudulent concealment of assets by a bankrupt, because of which a discharge should be refused him, is on the objecting creditor.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 720.]

In Bankruptcy. Motion to confirm report of special master upon hearing of certain specifications filed in opposition to the bankrupt's discharge.

Reed & Shutt, for bankrupt.

Smith & Hebbard, for objecting creditor.

HAZEL, District Judge. The evidence indicates that the bankrupt did not keep books of account prior to his bankruptcy. He was not engaged in carrying on business or conducting any mercantile pursuit. His vocation was that of a school-teacher, though he also acted as agent for a small estate, consisting of a farm in Yates county, to which his wife was one of three heirs. The bankrupt collected the rent, paid the taxes and expenses of the farm, and divided the surplus between the heirs. His failure to keep regular books of account or memoranda of his transactions as custodian of the income from the farm does not justify withholding his discharge. If the evidence indicated a failure to keep books of account with intent to conceal his financial condition with the object of defrauding his creditors, a different question would be presented. The proofs to which my attention is directed do not clearly show such an intention. True, the fact that there is but a single creditor—the opposing creditor; that there was a mixing of moneys owned by the bankrupt and his wife, and a withdrawal of deposits in banks, and a redepositing thereof solely in his wife's name—are, perhaps, colorable and suspicious circumstances. The burden, however, of proving fraudulent concealment of property or assets is upon the objecting creditor. In re Chamberlain (D. C.) 125 Fed. 629; In re Hamilton (D. C.) 133 Fed. 823. The special master heard the bankrupt testify, and is better able than this court to judge of the truthfulness and credibility of his evidence. His finding upon the facts has great weight, and this court is not prepared to hold that his conclusions were mistaken. This determination applies generally to the facts on all the grounds urged in opposition to the discharge.

The report of the special master is affirmed.