## In re MARSHALL PAPER CO.

(District Court, D. Massachusetts.  July 14, 1899.)

No. 646.

1. BANKRUPTCY—RIGHT TO DISCHARGE—CORPORATIONS.

Quære, whether a corporation, being adjudged bankrupt in involuntary proceedings against it under the act of 1898, will be entitled, under any circumstances, to receive a discharge from its debts.

2. SAME—APPLICATION FOR DISCHARGE—OBJECTIONS.

Under Bankruptcy Act 1898, § 14, providing that "the judge shall hear the application for a discharge, and * * * investigate the merits of

the application," the judge is not confined to the consideration of those objections to the discharge which are properly set forth by creditors.

**3. SAME—LIABILITY OF CO-DEBTOR OF BANKRUPT—STOCKHOLDER OF BANKRUPT CORPORATION.**

Under Bankruptcy Act 1898, § 16, providing that "the liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt, shall not be altered by the discharge of such bankrupt," a discharge in bankruptcy granted to a corporation will not release its directors and stockholders from a liability for its debts and contracts imposed upon them personally by statute in certain cases.

**4. SAME.**

Where the bankrupt, a corporation, applied for a discharge, and also for an injunction to restrain a creditor from prosecuting to judgment a suit against it, begun before the institution of the bankruptcy proceedings, and it appeared that the object of the creditor was to enforce against the directors and stockholders of the corporation their statutory liability for its debts, but that, by the terms of the statute, he must first recover a judgment against the corporation, *held*, that the discharge (if grantable at all) must be withheld for the present, the injunction refused, and the creditor permitted to recover his judgment against the corporation.

In Bankruptcy.    On application of the bankrupt for discharge.

Brandeis, Dunbar & Nutter, for objecting creditors.
M. F. Dickinson and Hollis R. Bailey, for the bankrupt.

LOWELL, District Judge.    The Marshall Paper Company is a corporation organized under the laws of Massachusetts, which has been adjudged bankrupt upon an involuntary petition.    It has filed two petitions:    First, for a discharge; and, second, that a certain creditor be enjoined from proceeding to judgment in a suit brought against it before the commencement of proceedings in bankruptcy.    The trustees in bankruptcy have also filed a petition seeking to enjoin the same creditor from proceeding to judgment.

Two interesting questions have been argued:    First, under the bankrupt act of 1898, is a corporation entitled to a discharge in bankruptcy?    To discharge a corporation in bankruptcy or insolvency is almost or quite unprecedented.    What useful object will be accomplished by the discharge is hard to imagine.    Although it is now generally held, after some conflict of decision, that bankruptcy or insolvency does not work the corporation's dissolution, yet in several states insolvency affords sufficient ground for proceedings commenced by a creditor to dissolve a corporation.    See Stim. Am. St. Law § 8341.    Everything of pecuniary value which belonged to the corporation, and could be transferred by it, must be applied for the benefit of its creditors,—good will; trade-marks, whether registered or not; all transferable franchises; and in some cases, by statute, even the franchise to be a corporation.    McClain's Code Iowa, § 1636.    A discharge in bankruptcy is granted to an individual in order that, being freed from his debts, he may have a new start in life; but to attribute this condition to a corporation is to use a mere figure of speech.    If there is anything of pecuniary value in a corporation apart from the energy of the individuals concerned in it, to that, speaking generally, the corporation's creditors are entitled.    These and other arguments against granting a discharge in bankruptcy to a corpora-

tion are stated by Mr. Justice Clifford in New Lamp Chimney Co. v. Ansonia Brass & Copper Co., 91 U. S. 656, 666:

"Good and sufficient reasons may be given for granting a discharge from prior indebtedness to individual bankrupts which do not exist in the case of corporations, and equally good and sufficient reasons may be given for withholding such a discharge from corporations which do not in any sense apply to individual bankrupts. Certificates of discharge are granted to the individual bankrupt 'to free his faculties from the clog of his indebtedness,' and to encourage him to start again in the business pursuits of life with fresh hope and energy, unfettered with past misfortunes, or with the consequences of antecedent improvidence, mismanagement, or rashness. Many corporations, it is known, are formed under laws which affix to the several stockholders an individual liability to a greater or less extent for the debts of the corporation, which, in case certain steps are taken by the creditors, become in the end the debts of the stockholders. Such a liability does not, in most cases, attach to the stockholder until the corporation fails to fulfill its contract, nor in some cases until judgment is recovered against the corporation, and execution issued, and return made of nulla bona. Stockholders could not be held liable in such a case if the corporation is discharged, nor could the creditor recover judgment against the corporation as a necessary preliminary step to the stockholder's individual liability. Consequences such as these were never contemplated by Congress: and the fact that they would flow from the theory of the defendants, if adopted, goes very far to show that the theory itself is unfounded and unsound."

These considerations would be decisive in interpreting the present law, were it not for other considerations which are of some weight. The bankrupt relies upon section 1, subd. 19, of the bankrupt act: "Persons shall include corporations, except when otherwise specified;" and section 14a: "Any person may * * * file an application for a discharge." Moreover, section 37 of the act of 1867 (Rev. St. § 5122) expressly excluded corporations from a discharge; and this provision, we should suppose, was present in the minds of the framers of the present law. Unless these intended to permit the discharge of a corporation, it is hard to say why they did not insert a similar excluding clause in the present act. Yet again, some earlier drafts of section 14 of the present act—drafts which, in other respects, resemble almost literally the section as passed—began with the words, "Any person not a corporation." See S. 1694, 52d Cong., 1st Sess., § 50; H. R. 9348, 52d Cong., 1st Sess., § 13; S. 1035, 55th Cong., 2d Sess., § 13 of the substitute. In the process of redrafting, the three words, "not a corporation," were stricken out; for what reason it is hard to perceive, unless their omission was intended to permit the discharge of a corporation, almost meaningless and unprecedented as such a discharge would be. See, also, the similar change made in drafting section 14 of the act of 1898. Finally, later decisions of the supreme court, and particularly Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, have thrown some doubt upon the unqualified statement of Mr. Justice Clifford, just quoted, that "stockholders could not be held liable in such a case if the corporation is discharged, nor could the creditor recover judgment against the corporation as a necessary preliminary step to the stockholder's individual liability." It may be that this objection to discharging a corporation has been obviated, partially at least. The inconvenience and apparent uselessness of discharging a corporation, the lack of precedent for such a discharge

in earlier legislation, and, on the other hand, the definite language of the existing statute, and the omission to forbid a discharge under the circumstances above stated, are considerations so conflicting in their bearing upon the interpretation of the present law that I have been unable to determine definitely if, in all cases, a corporation should be refused a discharge. The determination is not necessary to the decision of this case. The other objections to the bankrupt's discharge have not been considered. It should be observed, however, that under the existing bankrupt act the duties of the judge regarding discharges are more onerous than those imposed by the act of 1867. He is directed to "investigate the merits of the application," and hence is not confined to the consideration of those objections to the discharge which are properly set forth by creditors.

The second question argued in this case concerns the effect of proceedings in bankruptcy upon the right of a corporation's creditors to enforce the statutory liability of its directors. Upon the general answer to this question there can be no doubt. As has just been said, the corporation's discharge in bankruptcy may not necessarily bar its creditors from recovering against it a judgment which will afford a sufficient basis for the enforcement of the individual liability of its directors and stockholders; but the reasoning of Mr. Justice Clifford has lost none of its force as directed against any theory that a bankrupt act is intended to free directors and stockholders from this liability. The secondary liability of directors and stockholders in certain cases, within certain limits, and for certain classes of debts, is abundantly established as a general principle of statutory corporate law in the United States, though the precise provisions of that law vary greatly in the several states. Stim. Am. St. Law, §§ 8140, 8142, 8143, 8161, 8232, 8240, 8241, 8553. Suddenly to abolish this secondary liability under the pretense of enacting a bankrupt law, to deprive certain classes of creditors of what often is a most valuable means, and is sometimes the only means, of collecting debts due them by the corporation, would be an act of monstrous injustice, even if it were held to be within the constitutional power of congress. That congress intended to deprive the creditors of insolvent corporations of their statutory claim against the officers and stockholders,— to deprive operatives, for example, of the claim against stockholders given them by statutes like those of Massachusetts as a proper protection to the poor and ignorant in dealing with corporations,—is not to be admitted. In Mohr v. Elevator Co., 40 Minn. 343, 41 N. W. 1074, the case most favorable to the petitioner which has been found, the creditor had voluntarily released the corporation pursuant to Laws Minn. 1881, c. 148, § 1. The principal contention of the bankrupt, as appeared in the argument of this case, though not in the papers filed, is that, by the operation of the bankrupt's discharge, its directors will escape from their statutory liability through the impossibility of obtaining a judgment against itself. But the statutes imposing a limited individual liability upon the directors and stockholders of corporations differ in their prerequisites for enforcing this liability. Most statutes, like those of Massachusetts, require a pre-

vious judgment against the corporation. Some statutes do not. See Pub. St. N. H. c. 150, § 8; Thomp. Corp. 3362. From the adoption of the bankrupt's contention, it will follow, therefore, not only that a general principle of statutory corporate law throughout the United States has been generally overthrown, but also that certain applications of this principle have been whimsically excepted from the general overthrow, since those statutes which, without the prerequisite of a judgment against the corporation, give the creditors a right to enforce the individual liability of stockholders, will still be operative. The bankrupt's construction of the act would work not only great injustice, but also a capricious and irregular injustice. It has been argued that the several states may, if they please, modify their statutes imposing individual liability by abolishing the prerequisite of a judgment against the corporation. This change of the law may relieve future creditors, but cannot affect existing rights. In order that the court should construe a statute thus to nullify a general principle of the statutory law of corporations, the language of the statute must be entirely free from ambiguity, and the construction should be avoided if any way of escape can be discovered. The bankrupt act of 1898 not only does not expressly provide that directors and stockholders shall be released from their individual statutory liability, but it expressly provides the contrary. Section 16 of the act is as follows: "The liability of a person who is co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." It has been contended that the individual liability of directors and stockholders does not fall within the saving clause of this section; but under the statutes of Massachusetts in question in this case it is at least doubtful if directors are not literally co-debtors with the bankrupt corporation. Pub. St. Mass. c. 106, § 60, begins as follows: "The officers of any corporation which is subject to this chapter shall be jointly and severally liable for its debts and contracts in the following cases * * * when the debts of a corporation exceed its capital." It would seem that, when one is liable to a creditor for the debts of another, he must be either co-debtor with or else surety for that other (Bank v. Warren, 52 Mich. 557, 561, 18 N. W. 356); but in any case it is plain that section 16 was intended to include not only co-debtors, guarantors, and sureties, using those words in a narrow and technical sense, but to declare a general intention and to indicate a general proposition applicable to all persons in like situation. The directors in this bankrupt corporation are in some manner a surety for it, even if they are not its sureties in the narrowest sense. See Willis v. Mahon, 48 Minn. 140, 155, 50 N. W. 1110. As the existing bankrupt act, then, has in substance provided that the statutory liability of the directors of a corporation shall not be altered by the discharge of a bankrupt, this court is bound to abstain from doing anything which shall hinder the enforcement of that liability. Under the statutes of Massachusetts a judgment recovered against the corporation is a prerequisite to the enforcement. Until it has been made plain that bankruptcy in some way exonerates the creditors from obtaining this

judgment before enforcing the liability of directors, this court is bound to permit that judgment to be obtained. Again, bankrupt laws are framed to free men from the obligation of their debts only upon their surrender of their property to pay those debts. If the bankrupt's counsel is right, this court is bound, in effect, to release the directors of this corporation from the debts for which they are jointly and severally liable, without exacting the surrender of their property. The debtor, however, must choose between retaining his property and escaping his liability. The injunction asked for by the bankrupt must, therefore, be denied. The creditors must be permitted to obtain their judgment against the corporation for the purpose of enforcing the statutory liability of the directors. If they seek to use improperly the judgment thus obtained, this court may, perhaps, restrain them. Until opportunity has been given to recover the judgment, it is safer, at least, to deny· to the bankrupt its discharge. The situation is this: The creditors must be permitted to enforce the individual liability of the directors. So much is clear. To enforce that liability, they must, by the statutes of Massachusetts, first obtain a judgment against the corporation. They must not be hindered, therefore, from obtaining that judgment. If a discharge is granted, they may be hindered in obtaining that judgment. Apart from this consideration, it is doubtful whether a discharge should be granted or refused. The discharge in this case should therefore be refused, at least for the present.

It was urged by the bankrupt's counsel that a discharge obtained after the judgment was rendered would not avail the bankrupt in resisting an execution upon its property acquired since the filing of the petition. Assuming that a discharge should, under some circumstances, be granted a corporation, and assuming that a court is compelled to choose between the misfortune of the bankrupt above supposed and the escape of its directors from their statutory liability, the former alternative should be accepted without hesitation; but it seems that the bankrupt's escape is not barred. The discharge, whenever granted, will discharge the bankrupt from all its provable debts, with certain irrelevant exceptions. Provable debts include those "founded upon a contract express or implied" (section 63, subd. 4), and this debt was so founded. That the debt which has been merged in a judgment is still the same debt was decided in Boynton v. Ball, 121 U. S. 457, 466, 7 Sup. Ct. 981. That case also decided that, when the judgment was recovered after proceedings in bankruptcy had been begun, and before discharge, the discharge might be set up to stay the issue of execution. If, therefore, this bankrupt shall hereafter obtain its discharge, and acquire property, it will be able to protect that property from a levy to satisfy a judgment founded upon the debt now sued upon by the creditor Train.

The petition of the trustees for an injunction raises no question not hereinbefore considered. The respondent has already dissolved his attachment upon the property of the bankrupt which he obtained by mesne process before the commencement of proceedings in bankruptcy. There is, therefore, no reason to suppose that the

trustees will be in any way prejudiced by the recovery of the judgment. What should be done if the attachment were still in force need not be decided. Petition for discharge dismissed. Injunction denied.