In re MUSSEY.

(District Court, D. Massachusetts. January 15, 1900.)

No. 1,388.

**1. BANKRUPTCY—JURISDICTION—PENDENCY OF INSOLVENCY PROCEEDINGS.**

The pendency of proceedings in insolvency under a state law, on the debtor's voluntary petition, begun before the passage of the bankruptcy act, will not be ground for dismissing the debtor's subsequent voluntary petition in bankruptcy, although he has contracted no new debts, when it

appears that one or more of the creditors scheduled by the bankrupt are citizens of states other than that in which the insolvency proceedings were instituted.

2. SAME—FORM OF DISCHARGE.

Upon a bankrupt's application for discharge no issue can be raised or determined as to the effect of the discharge, if granted, upon debts created by the bankrupt's fraud, or upon claims proved in pending insolvency proceedings; and consequently the court will not, at the instance of creditors, so frame the discharge as to except such debts or claims from its operation, but will grant a discharge in the usual form, leaving its scope for future determination when the question shall properly arise.

In Bankruptcy. On review of decision of referee in bankruptcy overruling a motion to vacate the adjudication and dismiss the petition of the bankrupt.

W. P. French, for bankrupt.
Joseph Willard and Edwin A. Bayley, for creditors.

LOWELL, District Judge. This was a voluntary petition filed July 3, 1899. On October 27, 1897, the bankrupt had filed a voluntary petition in insolvency, upon which proceedings are now pending. It was alleged in the creditors' motion, found by the referee, and admitted at the argument that among the creditors whose names appeared in the bankrupt's schedule were one or more creditors residing in the United States outside of Massachusetts. None of the debts scheduled by the bankrupt were incurred since the filing of the petition in insolvency. Certain of the bankrupt's creditors, scheduled by her in insolvency as well as in bankruptcy, moved that the adjudication in bankruptcy be vacated, and the bankrupt's petition dismissed. Under the circumstances above stated, the creditors' motion must be denied. If there were no foreign creditor in the bankrupt's schedule, or if those creditors had come into or should hereafter come into the proceedings in insolvency, the result might or might not be different. Upon those questions no opinion is here expressed, and none upon the form of discharge, if any, to be granted to the bankrupt in this case.

On a subsequent hearing in this case, January 19, 1900, on the bankrupt's application for discharge, the following opinion was delivered:

LOWELL, District Judge. This was a voluntary petition filed July 3, 1899. On October 27, 1897, the bankrupt had filed a voluntary petition in insolvency, upon which proceedings are now pending. She has now applied for her discharge in bankruptcy, and certain creditors who proved their claims in the insolvency proceedings ask that the discharge granted her shall expressly exempt from its operation all claims proved in insolvency, or within the jurisdiction of the insolvency court, and also such claims as were created by her fraud. It was held in Re Rhutassel (D. C.) 96 Fed. 597, that the only issue tendered by the petition for a discharge is the right to the discharge, and that the only facts properly pleadable in opposition thereto are those which show that the bankrupt is entitled to no discharge whatsoever. "The issue upon the effect of a discharge will arise when a creditor seeks to enforce a judgment or claim, and the debtor pleads

his discharge in bar thereof." See, also, In re Thomas (D. C.) 92 Fed. 912. The discretion of this court cannot determine the effect of a discharge in bankruptcy upon debts proved in insolvency. These debts are either barred by the discharge as matter of law, or else, as matter of law, remain unaffected thereby. The question of law is raised upon the creditors' suit to enforce these debts more conveniently than upon the petition for discharge, and so it is more convenient that the discharge shall be in the usual form, and that its scope shall be left for future determination. The same considerations apply to debts created by the bankrupt's fraud. Alleged fraud raises an issue of fact, which will be determined upon the creditors' suit to enforce the debt alleged to be created by fraud more conveniently than upon the bankrupt's application for his discharge. The discharge will therefore be granted in the usual form.