In re MARSHALL PAPER CO.

MARSHALL PAPER CO. v. TRAIN.

(Circuit Court of Appeals, First Circuit.    June 7, 1900.)

Nos. 299, 301.

1. BANKRUPTCY—RIGHT TO DISCHARGE—CORPORATIONS.
    Under Bankr. Act 1898, a corporation which has been adjudged bankrupt is entitled to a discharge in all respects as an individual bankrupt would be.

2. SAME—GROUNDS FOR REFUSING DISCHARGE.
    Under Bankr. Act 1898, § 14b, providing that on an application for a discharge the judge "shall  *  *  * investigate the merits of the application, and discharge the applicant, unless he has" committed some one of certain acts therein enumerated, the refusal to grant a discharge does not rest in the discretion of the judge, but the applicant is entitled to a discharge as a matter of right, unless he is found guilty of some one of the prescribed offenses.

3. SAME—ISSUES ON APPLICATION FOR DISCHARGE.
    The right to a discharge and its effect are wholly distinct questions. The proper time and place for the determination of the effect of a discharge is when the same is pleaded or relied on by the debtor as a defense to the enforcement of a particular claim, and that issue cannot properly arise or be considered in determining the right to a discharge.

4. SAME—EFFECT OF DISCHARGE—CORPORATIONS.
    The effect of a discharge is to release only the bankrupt's personal liability, and under Bankr. Act 1898, § 16, which provides that "the liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt," the discharge of a corporation bankrupt does not prevent creditors from subsequently taking judgment against it in a state court in such limited form as may enable them to enforce the secondary liability of the directors under the state statute.

Petition for Revision of Proceedings in and Appeal from the District Court of the United States for the District of Massachusetts.

M. F. Dickinson, Jr., and Hollis R. Bailey, for appellant.

George R. Nutter and Edward F. McClennen, for appellee.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

COLT, Circuit Judge. This appeal and petition relate to two orders or decrees entered by the district court in the matter of the Marshall Paper Company, bankrupt. 95 Fed. 419. The question

raised by the appeal is whether the order of the district court refusing to grant the petitioner a discharge was proper.

The district court based its decision on two grounds: First, it doubted, at least in some cases, whether a corporation was entitled under the act to a discharge; second, it held that the court could refuse a discharge for causes other than those mentioned in section 14 of the act, and it declined to grant a discharge in the present case by reason of the injurious effect it might have upon the creditors' right to enforce the secondary liability of the directors of the corporation under the Massachusetts statute.

. We think a corporation is entitled to a discharge under the bankrupt act of 1898. The provisions of the act, supplemented by its legislative history, forbid, in our opinion, any other conclusion. By section 1, par. 19, it is declared that "persons" shall include corporations, except where otherwise specified; by section 14a, that any person may file an application for a discharge; and by section 4b, that any corporation may be adjudged an involuntary bankrupt upon default or an impartial trial, and shall be subject to the provisions and entitled to the benefits of this act. As any person may file an application for a discharge, and as a corporation is a "person," within the meaning of the act, and entitled to the benefits of the act, it follows that a corporation is entitled to a discharge under the act.

The bankrupt act of 1867 expressly excepted corporations from the right to a discharge. Rev. St. § 5122. This exception was retained in the earlier drafts of the present act, but it was stricken out before the act became a law. To quote from Judge Lowell's opinion in the district court:

"Some earlier drafts of section 14 of the present act—drafts which in other respects resemble almost literally the section as passed—began with the words, 'Any person not a corporation.' See S. 1694, 52d Cong., 1st Sess., § 50; H. R. 9348, 52d Cong., 1st Sess., § 13; S. 1035. 55th Cong., 2d Sess., § 13, of the substitute. See, also, the similar change made in drafting section 17 of the act." 95 Fed. 421.

Where a former act contains an express exception, and the first drafts of a later act relating to the same subject contain the same exception, and this exception is omitted from the act as finally enacted, and other provisions in the act are made to conform with this change, we cannot but conclude that congress intended to make the change, and the courts should not seek to render it nugatory by a forced construction.

The bankrupt, under section 14, is entitled to a discharge as a matter of right, provided he has not committed any of the offenses therein enumerated. Section 14b reads as follows:

"The judge shall hear the application for a discharge, and such proofs and pleas as may be made in opposition thereto by parties in interest, at such time as will give parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless he has (1) committed an offense punishable by imprisonment as herein provided; or (2) with fraudulent intent to conceal his true financial condition and in contemplation of bankruptcy, destroyed, concealed, or failed to keep books of account or records from which his true condition might be ascertained."

By this provision, the judge shall hear the application and discharge the applicant unless he is found guilty of some one of the prescribed offenses. The court is not authorized to deny the application for discharge upon a ground not set forth in this section. In re Black (D. C.) 97 Fed. 493. A refusal to grant a discharge cannot be said to rest in the discretion of the judge. The words, "investigate the merits of the application," must be taken in connection with the context. To construe these words as if they stood alone and disconnected from what follows would be to leave the whole question of discharge in the discretion of the court. Looking at the entire section, we do not think these words will bear such a construction, however desirable it may seem to the court in a particular case to so interpret them. It seems to us that congress in this section clearly specifies the only causes for which a discharge can be denied, and leaves to the court the sole duty of deciding, after due hearing, whether such cause exists.

When the bankrupt files his petition for a discharge, the only facts pleadable in opposition thereto are those which show that, under the provisions of section 14, he is not entitled to a discharge. In other words, it must be shown that he has committed some one of the offenses described; otherwise, the judge "shall" discharge the applicant.

The right to a discharge, and the effect of a discharge, are wholly distinct propositions. The proper time and place for the determination of the effect of a discharge is when the same is pleaded or relied upon by the debtor as a defense to the enforcement of a particular claim. The issue upon the effect of a discharge cannot properly arise or be considered in determining the right to a discharge. In re Rhutassel (D. C.) 96 Fed. 597; In re Thomas (D. C.) 92 Fed. 912; In re Mussey (D. C.) 99 Fed. 71.

A discharge releases only the bankrupt's personal liability. In accordance with this underlying principle, section 16 of the act provides:

"The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

The theory of a discharge as well as this express provision of the act forbid that the secondary liability of the directors of a corporation, under the Massachusetts statute, should be affected by the corporation's discharge in bankruptcy. Such a discharge does not prevent creditors from taking judgment in the state court against the corporation in such limited form as may enable them to reap the benefit of the directors' liability. The rendering of such a judgment depends upon the authority of the state court under the local law. There is nothing in the bankrupt act to prevent it. The judgment will not be against the person or property of the bankrupt, and has no other effect than to enable the plaintiff to charge the directors in accordance with the state statute. Hill v. Harding, 130 U. S. 699, 702, 703, 9 Sup. Ct. 725, 32 L. Ed. 1083.

A suit in the state court against a corporation has a double aspect. So far as it is brought against a corporation for a debt provable

in bankruptcy, its discharge in bankruptcy may be pleaded as a bar. So far as it is brought to obtain a judgment against the corporation for the purpose of subsequently enforcing the secondary liability of the directors under the state statute, the discharge is no bar, and the court may render a special judgment for that purpose. Hill v. Harding, supra. Section 37 of the act of 1867 (Rev. St. § 5122) expressly excluded corporations from a discharge. Under that act it was decided in New Lamp Chimney Co. v. Ansonia Brass & Copper Co., 91 U. S. 656, 23 L. Ed. 336, that a creditor of a manufacturing corporation, which was duly adjudged a bankrupt, who has proved his claim and received a dividend thereon, does not thereby waive his right of action for so much of the claim as remains unpaid. Near the close of the opinion in that case (page 666, 91 U. S., and page 340, 23 L. Ed.) Mr. Justice Clifford, in discussing the general question of discharge in bankruptcy and the reasons therefor, observed:

"Certificates of discharge are granted to the individual bankrupt 'to free his faculties from the clog of his indebtedness,' and to encourage him to start again in the business pursuits of life * * * unfettered with past misfortunes."

As a reason why the act excluded corporations from a discharge, the opinion goes on to say:

"Stockholders could not be held liable in such a case if the corporation is discharged, nor could the creditor recover judgment against the corporation as a necessary preliminary step to the stockholder's individual liability."

This general expression by the supreme court, which was unnecessary to the determination of the particular question before the court, because the act of 1867 expressly denied the benefit of a discharge to corporations, is not binding upon this court in another case arising under an act which entitles a corporation to a discharge.

The principle of a qualified judgment against a bankrupt after his discharge, for the sole purpose of establishing a secondary liability, which is recognized in the later case of Hill v. Harding, supra, was not discussed by Mr. Justice Clifford, because it was neither necessary nor pertinent to the determination of the questions which were raised and decided in the case then under consideration. The petitioning corporation having duly filed its application for a discharge under section 14, and not having been adjudged guilty of any of the offenses therein mentioned, we are of the opinion that it was entitled to a discharge.

In the original petition, which was heard with this appeal, we are asked to revise the order of the district court refusing to enjoin certain actions at law in the state court, under section 11a, until the question of discharge is determined. As we have already determined that the bankrupt is entitled to a discharge, it becomes unnecessary to decide the point raised by the petition.

In No. 301, the decree of the district court refusing a discharge is reversed, and that court is directed to enter a decree discharging the Marshall Paper Company, and the costs of this court are awarded to the appellant.

In No. 299, it is ordered, adjudged, and decreed that the petition be dismissed, without prejudice, and without costs.