## In re McCARTY.

### (District Court, N. D. Illinois.   October 26, 1901.)

BANKRUPTCY—ISSUES ON APPLICATION FOR DISCHARGE.

   The right of a bankrupt to a discharge and its effect are wholly distinct questions, and the latter question cannot properly arise or be considered by the court of bankruptcy on an application for a discharge.

In Bankruptcy.   On objections to report of referee on application for discharge.

George B. Foster, for objector.

H. S. Miller, for bankrupt.

HUMPHREY, District Judge.   McCarty was adjudged a bankrupt April 23, 1901.   The only liability scheduled and the only claim proven is a judgment recovered by William Sheehy against the bankrupt at the March term, 1896, of the circuit court of Peoria county for the loss of the services occasioned by the seduction of the daughter of the said William Sheehy by the said bankrupt, the same being an action of trespass on the case; judgment, interest, and costs amounting to the sum of $3,400.   The bankrupt petitioned for his discharge May 13, 1901, and the referee reported May 28, 1901, that he was entitled to his discharge.   The objector, William Sheehy, on the 1st day of June, 1901, filed his objections to the discharge, his contention being that the bankrupt is not entitled to be discharged from the debt in question under the second clause of section 17 of the bankrupt law, which provides that a discharge in bankruptcy shall release a bankrupt from all his debts except such as are judgments in actions   *   *   *   for willful and malicious injury to the person or property of another; and the objector contends that the injury complained of was willfully and maliciously committed against the person of him, the objector.   When a bankrupt files his application for discharge, the only facts pleadable in opposition thereto are the causes mentioned in section 14 of the act.   Unless the bankrupt has committed some one of the offenses described therein, the court must discharge him.   Section 17 of the bankrupt law reaches further, but it does not control this case.   The right to a discharge and the effect of a discharge are entirely distinct propositions.   Section 14 fixes the right to a discharge.   Section 17 goes to the effect of a discharge.   The question before the court is as to the right of the bankrupt to his discharge.   The other question—the effect of such discharge if, in the future, it shall be pleaded in bar of the collection of the judgment in question—will arise in the proper tribunal where such collection is sought to be enforced.   In re Marshall Paper Co., 43 C. C. A. 38, 102 Fed. 872.

   The exceptions to the report of the referee are not sustained.   The report is approved, and the discharge will be granted.