### In re LEVITAN.
(District Court, D. New Jersey. July 7, 1915.)

**1.** BANKRUPTCY ☞426—DISCHARGE—DEBTS RELEASED—BURDEN OF PROOF.

A liability evidenced by a judgment being provable in bankruptcy under the express provisions of Bankr. Act July 1, 1898, c. 541, § 63a (1), 30 Stat. 562 (Comp. St. 1913, § 9647), the burden of proof is on the judgment creditor to show that it is within section 17a (2), excepting from debts released by a discharge in bankruptcy such as are liabilities for willful and malicious injuries to the person or property of another.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 791–807; Dec. Dig. ☞426.]

**2.** BANKRUPTCY ☞433—RESTRAINING ENFORCEMENT OF JUDGMENT—VACATION.

Bankr. Act, § 17a (2), excepts from provable debts released by a discharge in bankruptcy liabilities for willful and malicious injuries to another's person or property. The bankrupt and a judgment creditor were mutual dealers, and in the course of such dealings the bankrupt lawfully obtained and used a promissory note, for converting which a judgment was subsequently recovered against him; it not clearly appearing upon what ground his conduct turned the lawful receipt and use of the note into a tort. *Held*, that proof of these facts did not sufficiently show that the judgment would not be released by a discharge in bankruptcy to justify the vacation of an order restraining the enforcement of the judgment for one year from the adjudication, or until the question of a discharge was determined.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 808–823; Dec. Dig. ☞433.]

**3.** BANKRUPTCY ☞433—RESTRAINING ENFORCEMENT OF JUDGMENT—VACATION.

Whether a discharge in bankruptcy will release a judgment cannot be finally determined on a motion to vacate an order restraining the enforcement of such judgment for one year from the adjudication, or until the matter of a discharge is determined, but, if a discharge is granted, can be tried out in proceedings based on such judgment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 808–823; Dec. Dig. ☞433.]

In Bankruptcy. In the matter of Wolf M. Levitan, bankrupt. On motion to vacate an order staying the enforcement of a judgment. Motion denied.

Charles A. Kalish, of New York City, for the motion.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for bankrupt.

RELLSTAB, District Judge. On the 29th day of December, 1914, Wolf M. Levitan was adjudicated a voluntary bankrupt. On the day following, in response to his petition setting forth the recovery against him by the Castle Braid Company of a judgment founded on a promissory note alleged to have been converted by bankrupt, and the necessary allegations showing that such liability was a provable debt in bankruptcy and would be released by a discharge granted in such proceedings, and that the said company threatened to take proceedings against him to enforce such judgment, this court made an order, under section 11 of the Bankruptcy Act, enjoining said company from taking any proceedings to enforce such judgment "for one year from * * * the 28th day of December, 1914, or, if an application for a

discharge is made in the meantime, then until the question of said discharge is determined."

The company now moves to vacate this order, on the ground that such judgment is founded on a willful and malicious conversion of property and falls within the exception of section 17a(2) of the Bankruptcy Act. This section provides, inter alia, that:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) are liabilities for * * * willful and malicious injuries to the person or property of another."

The company, in its petition seeking a vacation of such order, in substance alleges:

That it delivered two ·promissory notes to the bankrupt for $375 each; that subsequently, at the request of the bankrupt, it delivered to him· two other promissory notes, one for $500, and the other for $250, to take the place of such first-mentioned notes; "that the bankrupt returned one of said notes of $375, and fraudulently represented that he was the holder of the other one of said notes, and would deliver same to your petitioner; that the said statement was false and fraudulent, in that the bankrupt was not the holder of the said note, but the said bankrupt wrongfully, willfully, and maliciously converted and misappropriated one of the $375 notes; that on or about the 26th day of September, 1914, an action was commenced in the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, wherein your petitioner was plaintiff and the bankrupt herein was defendant, to recover the sum of $375 for damages sustained by the wrongful, willful, and malicious misappropriation and conversion of the said note of $375 and the fraudulent statement made with reference thereto;" that it secured a judgment on the note not returned, and "that pursuant to the said judgment your petitioner is entitled to an execution against the person of the said bankrupt, and is entitled to have the said bankrupt arrested and imprisoned"; and that the execution of said judgment was stayed by said order of December 30, 1914.

The petition further alleged, on information and belief, that:

·  Said judgment was "created by the fraud, embezzlement, misappropriation, and defalcation of the bankrupt herein, while acting in a fiduciary capacity, and the said judgment is not a judgment that is [dis]chargeable under the United States Bankruptcy Act."

A copy of the complaint filed in the suit above referred to is annexed to said petition. This complaint states two causes of action. The first alleges a conversion of said note, in the following language:

"On information and belief, that said defendant has wrongfully converted and appropriated the said promissory note for $375 to his own use and by causing the same to be discounted."

The second alleges the obtaining of said note by false representations, charging, on information and belief, that the bankrupt knew that such representations were untrue at the time he made them.

The bankrupt, in· his affidavit filed in opposition to such motion, alleges, in substance, that at the time of the delivery of said notes the Castle Braid Company was indebted to him in a large sum of money for goods purchased, and that in good faith he discounted the note in question and applied its proceeds to such indebtedness, without intent to defraud said company; that such company is indebted to his estate in bankruptcy in a sum exceeding the amount of such judgment; that at the trial of said suit the company elected to go to trial

upon the first cause of action, and that the said judgment was predicated on said cause of action; that, though the said company conceded at the trial of such action that it was indebted to the bankrupt to some extent, such indebtedness was not permitted to be counterclaimed, as that suit was one for conversion.

The ground alleged in such petition, viz., that the alleged fraud was perpetrated by the bankrupt while acting in a fiduciary capacity, was abandoned on the argument of the motion, and properly so, as there is nothing in the record that shows that the bankrupt bore a fiduciary relation to such company; and the motion is based alone on the ground that the judgment is founded on a liability for a willful and malicious injury to the company's property.

[1, 2] The liability underlying this judgment, as shown by the foregoing recital of facts, and which record controls this motion, is a provable debt in bankruptcy. Sections 17 and 63a (1), Bankr. Act; Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147; Tindle v. Birkett, 205 U. S. 183, 27 Sup. Ct. 493, 51 L. Ed. 762; Friend v. Talcott, 228 U. S. 27, 33 Sup. Ct. 505, 57 L. Ed. 718; F. L. Grant Shoe Co. v. Laird, 212 U. S. 445, 29 Sup. Ct. 332, 53 L. Ed. 591. It being a provable debt in bankruptcy, the burden of proof is upon the judgment creditor to show that such liability is within the exception of section 17a (2). In re Grout (Vt.) 92 Atl. 646, 33 Am. Bankr. Rep. 789. This burden has not been sustained. The record negatives any such wrongdoing as is necessary to constitute maliciousness within the meaning of such section. True, a spirit of malevolence (necessary to constitute actual malice) in committing the wrong is not essential to establish the malice contemplated in section 17 (Tinker v. Colwell, 193 U. S. 473, 24 Sup. Ct. 505, 48 L. Ed. 754; Peters v. United States, 177 Fed. 885, 101 C. C. A. 99, 24 Am. Bankr. Rep. 206; Kavanaugh v. McIntyre, 210 N. Y. 175, 104 N. E. 135, 31 Am. Bankr. Rep. 712); yet something more than an intention to do the thing which is subsequently pronounced wrong and inexcusable is necessary to constitute such malice. The wrong that is excluded from the effect of the discharge must be both willful and malicious. The doing of the act voluntarily and intentionally satisfies the former requirement, but does not meet the latter. The use of these two different terms necessarily requires something more than is comprehended in the term first used. Perhaps intentionally doing the thing without just cause or excuse, the criterion adopted in the cases last cited, is a sufficient, precise definition of what will be both willful and malicious; but what is just cause or excuse depends upon the particular circumstances in which the challenged act is done. Such a question is not always determined by the ultimate fact found in a given controversy. In the present case the judicial determination that the defendant was guilty of conversion did not establish that he acted maliciously, for the reason that malice or bad faith is not a necessary element of conversion. If he acted in good faith, the act, though intentional and amounting to conversion would not have been malicious, even though it should be ultimately determined to have been legally indefensible. To hold otherwise would be to make all intentional acts falling under

the head of torts, resulting in injury to person or property, malicious and nondischargeable in bankruptcy, regardless of the motives which animated them.

In the instant case, as the record is made up on this motion, the bankrupt and the Castle Braid. Company were mutual dealers. In the course of such dealings he lawfully obtained and used the promissory note in question. The record does not clearly show upon what ground the bankrupt's subsequent conduct turned the lawful receipt and use of this note into a tort. It tends to show that a tort was committed in obtaining the second series of notes, and is silent as to what became of them. But, be that as it may, by the elimination of the charge of fraud contained in the company's second stated cause of action, and its election to stand upon its first alleged cause of action, the contest resulting in said judgment was over the title to one of the first series of notes, the ownership of which admittedly was originally in the bankrupt. A conversion resulting from such a transaction, though a tort, lacks the essential element to constitute the malice· under consideration—bad faith. Burnham v. Pidcock, 58 App. Div. 273, 68 N. Y. Supp. 1007, 5 Am. Bankr. Rep. 590; Ulner v. Doran, 152 N. Y. Supp. 655, 34 Am. Bankr. Rep. 410; Hiteshue v. Jones, 28 Am. Bankr. Rep. 854. Neither Kavanaugh v. McIntyre, supra, nor In re Arnao (D. C.) 210 Fed. 395, 32 Am. Bankr. Rep. 88, is in conflict with this view. In both the conduct of the bankrupt was dishonest, as well as unlawful. In the former the court noted that:

It "is very significant that the defendants against whom the judgment was rendered went on the witness stand, but made no attempt to justify or excuse the acts of the firm. These facts show that the conversion of the stock and scrip was not merely technical, nor committed in the assertion of a mistaken claim to the property."

And in the latter the court held:

"That the facts here indisputably show that the wrongful acts of the bankrupt were practically larcenous."

[3] Whether a discharge, if granted to the bankrupt, will release this judgment, cannot be finally determined in these proceedings. In re Mussey (D. C.) 99 Fed. 71, 3 Am. Bankr. Rep. 592; In re Marshall Paper Co., 102 Fed. 872–874, 43 C. C. A. 38, 4 Am. Bankr. Rep. 468; In re McCarty (D. C.) 111 Fed. 151, 7 Am. Bankr. Rep. 40; In re Claff (D. C.) 111 Fed. 506, 7 Am. Bankr. Rep. 128. At this time it is sufficient to say that on the record before this court the judgment creditor has not shown that a discharge, if granted, will not release such liability.

If the bankrupt fails to apply for his discharge within the statutory period, or if the same, when applied for, shall be denied, the restraining order under review expires by its own limitation. If a discharge shall be granted, its permanent efficacy as preventing the enforcement of such judgment can be tried out in proceedings based on such judgment, in which the record underlying that question may or may not be the same as that which controls the present motion. Hallagan v. Dowell (Iowa) 139 N. W. 883, 31 Am. Bankr. Rep. 848.

. The motion to vacate is denied.