### In re LOCKWOOD.

(District Court, E. D. New York. February 28, 1917.)

1. BANKRUPTCY ⟨⇒413(3)—DISCHARGE—SPECIFICATIONS.
    Where none of the specifications of objection to discharge filed by the objecting creditor stated any act coming within the provisions of Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 (Comp. St. 1913, § 9598), prescribing the grounds for denying a discharge, and no testimony in support of the specifications was offered, the objecting creditor seeking to withdraw his specifications as soon as the question of their sufficiency was brought in issue, the specifications were properly dismissed and the discharge granted.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 714.]

2. BANKRUPTCY ⟨⇒315(1)—CLAIMS—PROVABLE CLAIM.
    Where a judgment based on the obtaining of property by false and fraudulent representations was secured, a claim based on the judgment may on the bankruptcy of the defendant be proven as a debt in case the creditor so desires.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 491.]

3. BANKRUPTCY ⟨⇒407(1)—DISCHARGE—RIGHT TO DISCHARGE—DEBTS.
    Where a bankrupt had not been guilty of any of the acts denounced by Bankr. Act, § 14, he may be granted a discharge notwithstanding some of the debts listed were not dischargeable.

---

⟨⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. BANKRUPTCY ⚖️415½—DISCHARGE—QUESTIONS FOR DETERMINATION.

    On specifications by an objecting creditor to the discharge of the bankrupt, the question whether the creditor's claim was a debt dischargeable in bankruptcy cannot be determined by the referee; the bankrupt's right to discharge being unaffected by the question whether the particular debt was discharged, and the specifications not setting forth any ground for the denial of the discharge, for the question of the extent of the discharge can only be determined by a court having jurisdiction to decide that matter.

In Bankruptcy. In the matter of the bankruptcy of Samuel G. Lockwood. Motion to confirm report dismissing specifications of objection to discharge. Motion sustained, and discharge granted.

See, also, 240 Fed. 161.

Maires, Maddox & Maires, of Brooklyn (Samuel Evans Maires, of Brooklyn, N. Y., of counsel), for bankrupt.

Philip S. Dean, of New York City, for objecting creditor.

CHATFIELD, District Judge. [1] The special commissioner to whom the specifications of objection were referred has reported that the specifications of objection are insufficient. He recommends their dismissal upon the ground that the objecting creditor has not specified any act which comes within the provisions of section 14 of the statute. With this conclusion the objecting creditor does not disagree. In fact, it appears from the record that the objecting creditor sought to withdraw his specifications as soon as this question was raised before the commissioner. No testimony in support of the specifications as such was offered. It is evident therefore that the report dismissing the specifications should be confirmed and the discharge granted.

The motion, however, seeks to confirm the commissioner's report as to other findings which involve further consideration.

[2] The objecting creditor alleged that its debt was not provable in bankruptcy, and also that it was not dischargeable, "because it is founded upon a judgment obtained in an action, the gist and gravamen of which is fraud, in that the action was based on fraud in fact, and the bankrupt, by false and fraudulent representations, obtained property, to wit, money from the objecting creditor herein." This is supplemented by a lengthy statement as to the nature and particulars of the cause of action and the evidence which, after trial, resulted in the judgment scheduled by the bankrupt as a debt owed to the objecting creditor.

The first proposition in the specification is that the debt is not provable. It is evident that this is a mistake, as the debt is clearly, provable, if the creditor sees fit to file a claim.

[3] The next proposition is that the debt is one from which the bankrupt cannot be discharged. Whether or not this be so is not a matter with which we are concerned in considering the right of the bankrupt to be discharged from such debts as are dischargeable. The commissioner, with the objecting creditor's acquiescence, so ruled, and reported that the specifications present no valid ground of objection to discharge.

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[4] The third proposition in the specification is that the discharge should be denied because the action in which the judgment was obtained is alleged to have been based on fraud in fact, and because the bankrupt is alleged to have, by false and fraudulent representations, obtained property, to wit, money, from the objecting creditor herein.

This last sentence, if the objecting creditor had taken the position that his specification was intended to set forth acts within the provisions of the statute defining the grounds for denial of discharge, would have been sufficient, at least by amendment, to enable the creditor to present evidence to show that the bankrupt had obtained property on credit, upon a materially false written statement, made for the purpose of obtaining such credit, or such property on credit, under subdivision 3 of section 14b of the statute. But no such claim was made or amendment asked. The creditor merely acquiesced in the proposition that the bankrupt, even if he obtained a discharge, could not thereby avoid litigating the effect of that discharge, if a creditor should subsequently seek to prosecute his claim and to contend that it had not been discharged and was not dischargeable.

Instead of dismissing the specifications upon their face, the special commissioner proceeded to take testimony upon the question as to whether the particular debt came within subdivision 2 of section 17 of the statute (Comp. St. 1913, §§ 9601). In other words, upon a reference as to the sufficiency of specifications of objection to discharge, the parties, by an enforced consent, based upon a claimed estoppel, had a voluntary reference or moot court determination as to the nature of the creditor's debt. In re Blumberg (D. C.) 94 Fed. at page 481.

A number of cases such as In re McCarty (D. C.) 111 Fed. 151, In re Marshall Paper Co., 102 Fed. 872, 43 C. C. A. 38, In re Mussey (D. C.) 99 Fed. 71, In re Blumberg, supra, and Friend v. Talcott, 228 U. S. 27, 33 Sup. Ct. 505, 57 L. Ed. 718, have been cited, from which it sufficiently appears that the scope of the discharge, with respect to the inclusion of particular debts, has nothing to do with general granting of the discharge. It is also apparent from such cases as Friend v. Talcott, supra, and In re Marshall Paper Co., supra, that the effect of this discharge can be raised only in a proceeding before a court having jurisdiction to determine that issue.

The bankrupt has, however, cited certain cases, such as In re Levitan (D. C.) 224 Fed. 241, from which it appears that if a bankruptcy court, or any court, is called upon to deal with or dispose of an alleged right, based upon the debt apparently released by discharge, the effect of that discharge may be litigated, citing Hallagan v. Dowell (Iowa) 31 Am. Bankr. R. 848, 139 N. W. 883.

But no such issue was raised here, and this court should not seek to follow out the effect of the discharge. The special commissioner has taken a great deal of testimony and considered seriously the effect of the discharge, if granted, upon the objecting creditor's claim. Since the special commissioner's decision, the Supreme Court of the United States, in the case of McIntyre v. Kavanaugh, 242 U. S. 138, 37 Sup. Ct. 38, 61 L. Ed. ——, decided December 4, 1916, following Tinker

v. Colwell, 193 U. S. 473, 24 Sup. Ct. 505, 48 L. Ed. 754, has established certain propositions with relation to the obtaining of property by false representations which might well be considered on the merits, and which, of course, were not before the special commissioner in making his report. But the court has nothing to do therewith on this motion.

There seems to be no reason for the attempt on the part of the special commissioner to apply an estoppel in order to avoid the admission by the objecting creditor that the specifications are insufficient. There is no basis, therefore, for the application to confirm the findings of the special commissioner upon matters which were not in litigation before him.

The discharge will be granted.