### TEUBERT v. KESSLER.

(Circuit Court of Appeals, Third Circuit. February 29, 1924.)

No. 3054.

1. **Bankruptcy ☞407(1)—Judgment based on bankrupt's negligence held no bar to his discharge.**

Under Bankruptcy Act, § 14 (Comp. St. § 9598), judgment against bankrupt, based on injuries caused by his negligent operation of an automobile, does not bar bankrupt's discharge.

2. **Bankruptcy ☞407(1)—Effect of discharge not in issue on application for discharge.**

The right of a bankrupt to discharge under Bankruptcy Act, § 14 (Comp. St. § 9598), and its effect under section 17 (Comp. St. § 9601), are wholly distinct propositions, and the latter question cannot properly

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

arise or be considered in determining the right to discharge, but should be determined when it is interposed as a defense to the enforcement of a claim.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

In the matter of Fred Kessler, bankrupt. On objection by Louis E. Teubert, Jr., to bankrupt's application for discharge, and on bankrupt's motion to strike out the objection. From a decree striking out the objection to discharge and perpetually restraining further proceedings on a judgment against the bankrupt in any way, except to file and prove such judgment with bankruptcy trustee as a debt of his estate, petitioner appeals. Affirmed in part, and reversed in part.

William C. Gebhardt & Son, of Clinton, N. J., for appellant.

Israel B. Greene and William Harris, both of Newark, N. J., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMSON, District Judge.

DAVIS, Circuit Judge. On September 14, 1921, Louis E. Teubert, Jr., recovered a judgment at law against Fred Kessler for $5,000 on account of the negligent operation by Kessler of an automobile, which struck the plaintiff while riding a motorcycle, and seriously injured him. On December 5, 1922, Kessler filed a voluntary petition in bankruptcy and scheduled about $100 as his only assets and this judgment as his liabilities. In due time he filed a petition for his discharge in bankruptcy. The appellant filed specification of objection, wherein he set up this judgment as a bar to the discharge. The bankrupt thereupon moved to strike out this specification of objection.

[1] The petition for discharge and this motion were the sole issues before the court. If the judgment was a bar to the discharge, the appellant should have prevailed on his motion; otherwise, the specification should have been stricken out. Congress has expressly declared in section 14 of the Bankruptcy Act (Comp. St. § 9598) what bars a discharge in bankruptcy. The judgment founded on the tort declared upon in this case does not come within the purview of that section, and so the objection was properly stricken out and the bankrupt discharged.

[2] But the court went further, and held that the judgment was a provable debt and dischargeable in bankruptcy. The decree—

"perpetually restrained and enjoined [the petitioner] from taking any steps in execution or any other proceedings, either at law or in equity, in the courts of the state of New Jersey or in this court, under said judgment, except to file and prove said judgment with the trustee of said bankrupt as a debt of his estate."

The *right* to a discharge and the *effect* of a discharge are wholly distinct propositions. Section 14 of the Bankruptcy Act fixes the right to a discharge, and section 17 (Comp. St. § 9601) the effect of a discharge. The question before the court was the right and not the effect of the discharge. The proper time and place for the determination

of the effect of a discharge is when the discharge is pleaded or relied upon by the debtor as a defense to the enforcement of a particular claim. The issue upon the effect of a discharge cannot properly arise or be considered in determining the right to a discharge. The right to a discharge does not at all depend upon whether or not the judgment is released by the discharge. In re Carmichael (D. C.) 96 Fed. 594, 596; In re Tinker (D. C.) 99 Fed. 79, 80; In re Marshal Paper Company, 102 Fed. 872, 874, 43 C. C. A. 38; In re McCarty (D. C.) 111 Fed. 151. The decree should have left the petitioner free to determine the effect of his discharge in the proper tribunal.

That part of the decree, therefore, which struck out the specification of objection to the discharge, and granted a discharge to the bankrupt, is affirmed, but that part which adjudicated the judgment to be dischargeable, and restrained the petitioner from further proceedings, is reversed; the petitioner to pay one-third, and the respondent to pay two-thirds, of the costs.