GEORGE T. COULTER *v.* MANUEL V. PACHECO, DEFENDANT; EDWIN P. MURRAY, AUDITOR OF THE CITY AND COUNTY OF HONOLULU, GARNISHEE.

No. 2210.

ARGUED SEPTEMBER 19, 1935.      DECIDED NOVEMBER 18, 1935.

COKE, C. J., PETERS, J., AND CIRCUIT JUDGE METZGER IN PLACE OF BANKS, J., UNABLE TO ATTEND ON ACCOUNT OF ILLNESS.

OPINION OF THE COURT BY PETERS, J.

Plaintiff in error is a judgment debtor in the district court of Honolulu in two cases, one in assumpsit on a promissory note and one in debt upon the judgment against him in the assumpsit action. The within proceeding is a continuation of the latter case. The defendant in error is the judgment creditor in both cases. Between judgment in the assumpsit action and the issuance of summons in the action in debt the plaintiff in error was duly adjudged a bankrupt. Twelve months have not elapsed since the adjudication. It does not appear that the bankrupt has had his discharge. The defendant defaulted in the debt action and after judgment moved for a stay of proceedings pleading his adjudication as a bankrupt.

If the debt evidenced by the judgment in the debt action is one from which a discharge in bankruptcy would be a release plaintiff in error was entitled to a stay of proceedings pursuant to and in conformity with the provisions of section 11 of the Bankruptcy Act. U.S.C.A.,T. 11, s. 29; *Wofford Oil Co* v. *Womack,* 167 S. E. (Ga.) 331.

The district magistrate, upon the objection of the judg-

ment creditor, denied the motion for a stay of proceedings upon the ground that the judgment debt was a non-dischargeable one, it being a liability "for obtaining property by false pretenses or false representations" within the meaning of subsection 2 of section 17, as amended, of the Bankruptcy Act (U.S.C.A., T. 11, s. 35) and hence excepted from the provable debts from which the bankrupt would be released upon his discharge in bankruptcy. This order denying a stay of proceedings is the judgment of which the plaintiff in error herein seeks review.

The pertinent portions of section 17 of the Bankruptcy Act as amended are as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) are liabilities for obtaining property by false pretenses or false representations * * *."

In order to render a debt non-dischargeable in bankruptcy, as within the quoted exception, it must appear, first, that the debt is a liability "for obtaining property" and, secondly, that the "property" was obtained by the means specified, that is, by "false pretenses or false representations." The presence of both elements constituting the exception is necessary. The presence of only one is not enough. It is not sufficient to show merely that the liability is for obtaining property. The additional element of false pretenses or false representations must also appear. And, conversely, it is not sufficient to show merely false pretenses or false representations. The additional element of obtainance of property must also appear. Hence it is that if either of the essential elements constituting the exception is absent the exception does not apply and the debt, if included in the provable debts of the bankrupt, is dischargeable in bankruptcy.

Our first concern, therefore, is whether the judgment debt in the debt action is a liability for obtaining "prop-

erty." If not, the debt does not come within the exception and the presence or absence of false pretenses or false representations is immaterial.

We have searched the record in vain for evidence directly or indirectly showing or tending to show that the defendant in error parted with any property or property right or that plaintiff in error obtained or acquired from the defendant in error, or from those with whom he is in privity, any property, tangible or intangible. The only evidence sent to this court pursuant to the praecipe of plaintiff in error is the pleadings and judgment in the assumpsit action; the transcript of the evidence taken upon the trial of the assumpsit action, including the note in suit admitted as an exhibit; a certified copy of the adjudication in bankruptcy and the declaration and judgment in the district court in an unrelated case between different parties, the presence of which in the record or its connection with either of the two cases in which the plaintiff in error was defendant being unexplained. No praecipe was filed by the defendant in error. There is no suggestion of diminution of the record. And we must assume that the record is complete. But the evidence included in the record wholly fails to sustain a finding that the judgment debt under consideration is a liability for the obtainance of "property." The evidence adduced upon the trial of the assumpsit action was confined exclusively to the issue of fraud in the execution of the note.

In connection with the inquiry of the consideration for the note in suit one of plaintiff's witnesses made reference to a "judgment" in an unidentified case and to an "attachment," also in an unidentified case, levy under which was made upon some "rattle snake oil" in the possession of plaintiff in error, but allegedly belonging to a resident of Hollywood, which plaintiff in error wanted released, and upon the condition that it would be released gave the note,

the subject of the assumpsit action. But whether the "judgment" referred to by the witness was a subsisting judgment against the plaintiff in error or against the alleged owner of the oil or whether the note represented the amount of the judgment or the value of the oil attached does not appear. Outside of this vague, indefinite and unintelligible reference to the consideration of the note in suit, the record is silent as to any property or right of property obtained by plaintiff in error.

Section 63(a) (1) of the Bankruptcy Act (U. S. C. A., T. 11, s. 103) provides that all judgments are provable debts. Section 17 as amended provides that all provable debts are dischargeable "except such as * * * are liabilities for obtaining property by false pretenses or false representations." The presumption is that "a judgment is dischargeable unless, when read with the record behind it, without the aid of extraneous evidence, it is shown to be one necessarily included within the exception to the general rule. *In re Levitan* (D. C.), 224 F. 241." *In re De Lauro*, 1 F. Supp. 678. This being so it was incumbent upon the judgment creditor to show that the judgment debt came within the exception to dischargeable debts and was non-dischargeable. This the defendant in error failed to do.

Holding as we do that the evidence fails to sustain a finding that the judgment debt in a debt action is a liability for obtaining "property" the issue of false pretenses or false representations becomes immaterial.

Upon this state of the record the plaintiff in error was entitled to a stay of proceedings. But inasmuch as under section 11 of the Bankruptcy Act the granting or denial of a stay of proceedings, after adjudication and before discharge, is committed to the discretion of the court to whom the application for a stay is made, in reversing the judgment we refrain from imposing our discretion upon the magistrate.

The judgment complained of is therefore vacated and set aside and the cause is remanded to the magistrate to take such further proceedings upon the motion of plaintiff in error for a stay of proceedings as he may in his discretion deem advised, consistently with this opinion.

*Rose August* (also on the briefs) for plaintiff in error.

*D. G. Ridley* (*Smith, Wild; Beebe & Cades* on the brief) for defendant in error.