**In re SUTTON.**

District Court, S. D. New York.

July 6, 1937.

Austrian & Lance, of New York City, for bankrupt.

Alfred E. Herz, of New York City, for objecting creditors.

LEIBELL, District Judge.

The bankrupt moves to dismiss the objections and specifications filed herein by Rose Laszka and her husband, Albert Laszka, because they do not set forth facts or grounds sufficient to constitute a bar to the bankrupt's discharge, and on the further ground that the specifications set forth legal conclusions. The bankrupt further prays that he be declared to have a full discharge from all debts provable against his estate in this bankruptcy proceeding except such debts as are excepted by law from such discharge.

The specifications of objections to bankrupt's discharge, filed by said creditors on June 16, 1937, were as follows:

"First: The debts due to the said Rose Laszka and Albert Laszka are for wilful and malicious injuries to the person or property of another.

"Second: Such additional grounds as may be set forth in amended specifications which may hereafter be filed."

To these specifications the bankrupt excepted for the reasons above stated and then made this motion. On the argument of the motion the said creditors asked leave to amend specification "First" to read as follows:

"The debts due to the objecting creditors, Rose Laszka and Albert Laszka are for wilful and malicious injuries and arose out of the following facts: The bankrupt and his wife were the owners of a Great Dane dog that had displayed vicious propensities at various times prior to this injury to Rose Laszka, one of the objecting creditors. The bankrupt and his wife well knew of such vicious propensities and in spite of such knowledge had failed to keep their Great Dane dog muzzled and/or properly secured and allowed it to roam at freedom without safeguarding it, so as to prevent it biting or attacking those lawfully upon the bankrupt's premises. On April 23rd, 1936, the said Great Dane dog violently, viciously, forcibly and cruelly repeatedly attacked the said Rose Laszka and severely bit, tore and chewed her in various parts of her head, body and limbs, and dragged her through the bushes by her hair so that her scalp was torn and chewed and her head, shoulders, body, arms, hands and limbs were lacerated, crushed, chewed and torn and she was rushed to Brunswick General Hospital in Long Island in an endeavor to save her life and emergency remedies were taken to patch together her shredded skin and scalp and she remained at the hospital for many weeks thereafter and she has many large, ugly, permanent and disfiguring scars. Albert Laszka is the husband of the said Rose Laszka and as a result of the injuries to his wife, was compelled to incur large expense and obligations for surgical, medical and nursing aid and attention and hospitalization and he lost the services, earnings and companionship of his wife."

The said objecting creditors argue that their claims, which they contend are based upon willful and malicious injuries to the person of Rose Laszka, as aforesaid, are not dischargeable in bankruptcy and therefore that the bankrupt is not entitled to a discharge. They confuse a bankrupt's right to a discharge and the effect of his discharge. As was stated in Teubert v. Kessler (C.C.A.) 296 F. 472, at pages 473, 474:

"The right to a discharge and the effect of a discharge are wholly distinct propositions. Section 14 of the Bankruptcy Act [11 U.S.C.A. § 32] fixes the right to a discharge, and section 17 (Comp.St. § 9601 [11 U.S.C.A. § 35]) the effect of a discharge. The question before the court was the right and not the effect of the discharge. The proper time and place for the determination of the effect of a discharge is when the discharge is pleaded or relied upon by the debtor as a defense to the enforcement of a particular claim. The issue upon the effect of a discharge cannot properly arise or be considered in determining the right to a discharge. The right to a discharge does not at all depend upon whether or not the judgment is released by the discharge. In re Carmichael (D.C.) 96 F. 594, 596; In

894

re Tinker (D.C.) 99 F. 79, 80; In re Marshall Paper Company, 102 F. 872, 874, 43 C.C.A. 38; In re McCarty (D.C.) 111 F. 151. The decree should have left the petitioner free to determine the effect of his discharge in the proper tribunal."

The attorney for the objecting creditors asks that this court determine now that their claims are not dischargeable in this bankruptcy proceeding, citing Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L. Ed. 1230, 93 A.L.R. 195. That case was discussed by the Circuit Court of Appeals of this circuit, In re Devereaux, 76 F.(2d) 522, 523, as follows:

"After Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 698, 78 L.Ed. 1230, [93 A.L.R. 195,] it can no longer be denied that the bankruptcy court has jurisdiction as upon an ancillary bill in equity to determine whether the bankrupt's discharge is a bar to a provable debt. Intimations to the contrary in such cases as In re Havens (C.C.A.2) 272 F. 975, and Hellman v. Goldstone (C.C.A.3) 161 F. 913, were expressly disapproved. Nevertheless, the exercise of such jurisdiction is not as of course; as Mr. Justice Sutherland's opinion points out, the bankruptcy court is not bound to exercise its authority and 'it probably would not and should not have done so except under unusual circumstances such as here exist.' In our opinion it still remains true that in general the effect of a discharge is to be raised by pleading it as a bar when the creditor attempts to enforce his claim, or using it to procure cancellation of a judgment entered before discharge, if the state statutes permit this procedure. See Remington, Bankruptcy (3d Ed.) § 3489. Section 11 of the Bankruptcy Act (11 U.S.C.A. § 29) strongly implies that a creditor will not be stayed beyond the date of the bankrupt's discharge. See In re Scheffler (C.C.A.) 68 F.(2d) 902, 904; In re Byrne (C.C.A.2) 296 F. 98, 101."

▮ In my opinion, the proper court to determine the question of the dischargeability of the objecting creditors' claims, as set forth in the proposed amended specifications, is the court that tries the action based on said claims. The issue of dischargeability can be raised in the manner indicated in the above quotation.

▮ The objections and specifications in both their original and amended form are dismissed and the bankrupt is granted his discharge.

Submit order on notice.